**Frank CARELLI, Plaintiff-Appellant,**

v.

**INTERNAL REVENUE SERVICE, Defendant-Appellee.**

No. 80–1028.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 9, 1981.

Decided Jan. 12, 1982.

Wayne A. Smith, Detroit, Mich., for plaintiff-appellant.

James K. Robinson, U. S. Atty., Detroit, Mich., M. Carr Ferguson, Gilbert E. Andrews, Michael L. Paup, Carleton D. Powell, Stanley S. Shaw, Jr., Tax Division, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before WEICK and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This is an appeal from a judgment by District Judge Anna Diggs Taylor, dismissing the plaintiff-appellant's complaint. We affirm on the ground that the district court was without jurisdiction to entertain the action.

Upon joint motion of the parties, this appeal has been submitted on briefs without oral argument.

The appellant brings this action to recover amounts allegedly due to him for furnishing information to the Internal Revenue Service (IRS) relating to violations of the internal revenue laws. His claim is founded primarily upon 26 U.S.C. § 7623 and the accompanying Treasury Regulation, 26 C.F.R. § 301.7623–1, which provide for the payment of rewards to informants who supply information that leads to the detection and punishment of persons guilty of violating any internal revenue law. As a basis for jurisdiction and venue, appellant relies upon 28 U.S.C. § 1340, which provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ."

Apparently, beginning sometime in the late 1940's or early 1950's, the appellant provided information to IRS authorities. There is evidence that he received some compensation for supplying information in 1960, and that he was commended for his efforts in 1957. Appellant claims that "he was highly valuable for such purpose," because of his experience in international finance. Specifically, he claims to have supplied valuable information concerning the activities of one George Goulandris. Appellant contends that "in 1956, or thereabouts," a representative of the Treasury Department, Frank T. Smith, in Paris, France, promised to pay the appellant a reward if the investigation of Goulandris resulted in a recovery of tax revenues.

Appellant also asserts that he provided information about tax evasion by at least eleven other persons or entities, and the information resulted, or should have resulted, in the collection of over $2 million in additional federal taxes. He claims that he filed a claim for a reward in 1956 and again in 1978 and corresponded frequently with the Treasury Department from 1976 to 1978 through a former Treasury Agent named Athanasius Christides, but no accounting of the monies collected has been given to him and no explanation has been provided. His claim for a reward was denied without comment on September 12, 1978.

Although the appellant named the IRS as defendant in his complaint, we treat this action as a suit against the United States. *See Hawaii v. Gordon,* 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *Bramlett v. Desobry,* 490 F.2d 405 (6th Cir.), *cert. denied,* 419 U.S. 872, 95 S.Ct. 133, 42 L.Ed.2d 111 (1974); *Sierra Club v. Hickel,* 467 F.2d 1048 (6th Cir. 1972), *cert. denied* 411 U.S. 920, 93 S.Ct. 1545, 36 L.Ed.2d 313 (1973). Thus, principles of sovereign immunity are applicable to this proceeding.

◼ Under the doctrine of sovereign immunity:

It is elementary that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980), *quoting United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941).

"A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Id., quoting United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969).

◼ Jurisdictional statutes such as 28 U.S.C. §§ 1340, 1346, or 1491 do not operate as waivers of sovereign immunity. *See, e.g., United States v. Mitchell, supra; Essex v. Vinal,* 499 F.2d 226, 231 (8th Cir. 1974), *cert. denied,* 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975), *and cases cited therein.* The appellant must look elsewhere to find a basis for a waiver of the Government's sovereign immunity to create a substantive right for money damages under the averments of his complaint. 26 U.S.C. § 7623 does not provide a basis for finding a waiver. This section provides:

**§ 7623. Expenses of detection and punishment of frauds**

The Secretary or his delegate, under regulations prescribed by the Secretary or his delegate, is authorized to pay such sums, not exceeding in the aggregate the sum appropriated therefor, as he may deem necessary for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws, or conniving at the same, in cases where such expenses are not otherwise provided for by law.

◼ The clear language of this statute vests the Secretary of the Treasury with discretion in paying such rewards. Discretionary activities belong to a class of conduct of government officials in which the Congress has expressed an intention *not* to waive sovereign immunity. *See, e.g.,* 28 U.S.C. § 2680(a) (discretionary function exception to the Federal Tort Claims Act).

Federal courts that have considered similar suits for internal revenue rewards uniformly have denied the claims. *See, e.g., Diamond v. United States,* 40 A.F.T.R.2d 5223 (Ct.Cl. Apr. 26, 1977) (failure to state a claim); *Silverstein v. United States,* 38 A.F.T.R.2d 5130 (S.D.N.Y. May 10, 1976) (lack of subject matter jurisdiction); *de la Forest Divonne v. Internal Revenue Service,* 36 A.F.T.R.2d 5560 (S.D.N.Y. July 16, 1975) (failure to state a claim and lack of subject matter jurisdiction); *Saracena v. United States,* 508 F.2d 1333 (Ct.Cl.1975) (suit to increase reward dismissed for failure to state a claim); *Schein v. United States,* 352 F.Supp. 182 (E.D.N.Y.1972) (lack of subject matter jurisdiction and failure to state a claim). These suits have been denied whether brought under the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491; the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.;* the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.;* § 7623 of the Internal Revenue Code and 28 U.S.C. §§ 1340 and 1346(a)(2); or 28 U.S.C. § 1361 as an action in the nature of mandamus.

◼ Moreover, the appellant's claim is time-barred. Most of the events alleged in his complaint occurred in the 1950's. At the latest, his cause of action, if any, accrued in the early 1960's. He did not commence his efforts to reassert his 1956 claim for a reward until sometime around 1973. The record contains no explanation for this delay. Appellant's claim is barred by the six year limitations period in 28 U.S.C.

§ 2401(a) and by the equitable doctrine of laches. *See also* 28 U.S.C. § 2501.

The judgment of the district court is affirmed. No costs are taxed. Each party will bear its own costs in this court.