Mary L. **WARDSWORTH**,
Plaintiff-Appellant,

v.

**UNITED STATES** of America,
Defendant-Appellee.

No. 82–4479.

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 1983.

Broussard, Bolton & Halcomb, Roy S. Halcomb, Jr., Alexandria, La., for plaintiff-appellant.

D.H. Perkins, Jr., John R. Halliburton, Asst. U.S. Attys., Shreveport, La., for defendant-appellee.

Before RUBIN, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

The plaintiff-appellant appeals the judgment of the United States District Court for the Western District of Louisiana dismissing her complaint for lack of jurisdiction under the Federal Tort Claims Act (FTCA) for the reason that the appellant did not timely comply with notice requirements relating to the total monetary amount of her claimed injuries. We affirm the dismissal of the complaint.

### I.

On November 9, 1979, the appellant, Mary Wardsworth, slipped and fell in the South Park Station Post Office in Alexandria, Louisiana. She injured her back and left hip in the fall.

Although Mrs. Wardsworth alleged in her complaint that she filed a claim with the Postal Service in June 1980, no physical evidence of this claim exists. Furthermore, on appeal she has dropped her contention that this claim satisfied the notice requirements of the FTCA. On November 9, 1981, Mrs. Wardsworth filed a Standard Form 95 with the Postal Service. In the space provided, labelled "AMOUNT OF CLAIM (in dollars)," Mrs. Wardsworth filled in the words "contusion of hip" in the personal injury column and "unable to diagnosis" in the total damages claimed column. On December 23, 1981, Mrs. Wardsworth filed a photocopy of the form she had previously submitted. On it she typed the additional information "injury to low back and left hip" in the personal injury space and "$65,-000.00" in the space for the total amount of her claim.

The Postal Service replied to Mrs. Wardsworth's claim in March 1982, stating that the Postal Service had no authority to pay the damages because Mrs. Wardsworth had failed to submit a claim for a "sum certain" within two years of the accident as required by 28 U.S.C. § 2401(b).

### II.

Mrs. Wardsworth filed a complaint in the United States District Court for the Western District of Louisiana, alleging that she made an appropriate administrative claim in June 1980 and that she supplemented the claim on November 5 and 9, 1981, and December 23, 1981. The Postal Service responded with a Motion to Dismiss or in the Alternative for Summary Judgment, asserting that it had never received any claim for a sum certain prior to December 24, 1981. Mrs. Wardsworth countered that she had repeatedly amended her Standard Form 95 at the request of the Postal Service, but she did not deny that her claim for a specific amount was first made *after* the two-year period had elapsed. In a responsive affidavit, Mrs. Wardsworth stated that "[a]t no time was she advised by defendant that anything was required of her other than what she presented to the defendant in the form 95 and she at all times complied with all requests made of her by defendant as concerns completing and filing the form 95 . . . ." She also stated that "[a]t no time was it brought to her attention that the form 95 which she filed was deficient and that it was necessary that she supplement same within two (2) years so as to state therein a specific amount as to the damages she had suffered."

The district court found that no genuine issue of material fact had been raised by the pleadings and affidavits, that Mrs. Wardsworth had failed properly to notify the Postal Service of the amount of her claim within the statutory period, and that the figure in the December 24 filing did not "relate back" to the previous filings. The district judge accordingly granted summary judgment for the Postal Service and dismissed the complaint. Mrs. Wardsworth appeals.

### III.

Mrs. Wardsworth continues her argument on appeal that the amended form she filed on December 24 can be "related back" to her previous claims which were within the two-year period.

We start our discussion by noting that a lawsuit may be brought under the FTCA only after presenting the claim to the appropriate federal agency and receiving a denial of the claim.[1] Under the authority of 28 U.S.C. § 2672, the Attorney General has promulgated regulations which govern the presentation of administrative claims to federal agencies. Those regulations provide that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a) (1982). A claim may be amended, but, significantly, the right to amend arises only as to a "claim presented in compliance with paragraph (a) of this section...." 28 C.F.R. § 14.2(c) (1982). The statute also provides that claims not presented to the appropriate agency within two years of their accrual are barred. 28 U.S.C. § 2401 (1970).

Federal courts have repeatedly held that the sum certain requirement is a jurisdictional one and that it applies to 28 U.S.C. §§ 2401 and 2675. *Molinar v. United States,* 515 F.2d 246 (5th Cir.1975); *Caton v. United States,* 495 F.2d 635 (9th Cir.1974); *Avril v. United States,* 461 F.2d 1090 (9th Cir.1972). No particular form of notice is required as long as it "(1) gives the agency written notice of [the] claim sufficient to enable the agency to investigate and (2) places a value on [the] claim." *Adams v. United States,* 615 F.2d 284, 289 (5th Cir.), *clarified,* 622 F.2d 197 (1980).

This circuit, in some recent cases, has been somewhat more lenient than other courts in interpreting the sum certain requirement. In *Molinar, supra,* we held that a plaintiff had stated a sum certain by attaching medical bills and car repair estimates to a letter which described the circumstances of his injury, but which did not itself claim a specific amount of damages. In *Williams v. United States,* 693 F.2d 555 (5th Cir.1982), we held that a plaintiff had satisfied the sum certain requirement even though he had directly transmitted no figures to the agency regarding his personal injuries. We found that a state court suit filed against an agency employee, containing an itemized listing of damages, sufficiently notified the agency of the amount of the plaintiff's claim. In that case, we said that form is not important "as long as the agency is somehow informed of the fact and amount of the claim within the two year

---

1. 28 U.S.C. § 2675(a) (West Supp.1983) provides:

   An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

period prescribed by § 2401(b)...." 693 F.2d at 557.

Although we are sympathetic to Mrs. Wardsworth's claim that Standard Form 95 provides little, if any, guidance to the claimant required to fill out the form,[2] we, as a court charged with interpreting and applying the law as we find it, are not at liberty to dispense with the sum certain requirement. We have searched the record in vain for any shred of evidence that Mrs. Wardsworth provided the Postal Service with facts from which it could have estimated the value of her claim. There is no such evidence. The Postal Service knew only that Mrs. Wardsworth slipped and fell, that she suffered a contusion of her left hip and that she had been treated by a doctor on several occasions. It was not possible for the Postal Service to put a value on the claim with such sketchy information.

We note in passing that the fact that Mrs. Wardsworth might have incurred additional expenses after the running of the two-year period does not relieve her from the sum certain requirement. The regulations cited above specifically allow for a completed claim, including the total damages, to be amended at any time prior to final agency action, and 28 U.S.C. § 2675(b) provides that a plaintiff may later sue the government for sums in addition to those specified in the administrative claim if they are based on new evidence or the occurrence of "intervening facts."

█ The sum certain requirement fulfills important statutory goals. It enables agency administrators to determine whether they have authority to settle claims under 28 U.S.C. § 2672 and contributes to efficient handling of claims by agencies. *See Adams,* 615 F.2d at 288–89. We cannot, as

2. We have previously noted the deficiencies of Standard Form 95. *See Molinar,* 515 F.2d at 249.

3. Mrs. Wardsworth has mounted no direct attack on the validity of the regulation requiring that a sum certain be stated on Standard Form 95. We therefore express no opinion on that issue. Because, under the regulation, this requirement is indispensable, we see no reason

we are asked to do here, excuse a plaintiff entirely from its operation.

The district court was without jurisdiction to entertain this complaint. Its order of dismissal is

AFFIRMED.[3]

why the Form 95 should not be amended so that it explicitly warns claimants that failure to state a sum certain within two years will result in forfeiture of their rights. Such a warning would in no way interfere with the agencies' ability to process and settle claims efficiently, and it would undoubtedly help to eliminate the confusion experienced by claimants such as Mrs. Wardsworth.