**Ralph PORTILLO, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. EP–91–CA–14–H.**

United States District Court,
W.D. Texas,
El Paso Division.

March 19, 1993.

Ralph Portillo, Jr., pro se.

Harold Brown, Jr., Sp. Asst. U.S. Atty., R. Barry Robinson, John W. Caldwell, Jr., Asst. U.S. Attys., El Paso, TX, for defendant.

## ORDER REGARDING DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

HUDSPETH, Chief Judge.

This is a civil action for damages for medical malpractice under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. This Court has jurisdiction under the provisions of 28 U.S.C. § 1346(b). After conducting discovery, the Defendant filed motions to dismiss and a motion for summary judgment. The Court finds that certain claims asserted by the Plaintiff must be dismissed because of the Plaintiff's failure to comply with the provisions of 28 U.S.C. § 2675. As to the remaining claims, the Court finds that there is no genuine issue of material fact, and the Defendant is entitled to judgment in its favor as a matter of law.

Plaintiff Ralph Portillo, Jr., a member of the Texas National Guard, underwent ankle surgery at William Beaumont Army Medical Center in El Paso, Texas, on April 18, 1988. Following surgery, the Plaintiff developed a urinary tract infection, which he contends was proximately caused by the negligence of the Defendant's medical personnel in failing to catheterize him in a timely fashion. The Plaintiff further contends that this alleged negligence has caused him to suffer from a permanent bladder disfunction and a worsening benign prostate condition. The original complaint was filed on January 9, 1991. On December 18, 1991, the Plaintiff filed a motion for leave to amend his complaint, adding a new allegation of negligence in administering spinal anesthesia. According to the amended complaint, this negligence on the part of Defendant's personnel proximately caused lower back problems and diabetes. With respect to the new claims contained in the amended complaint, the Defendant has

filed a motion to dismiss for lack of subject matter jurisdiction. With respect to the claims asserted in the original complaint, the Defendant has filed a motion for summary judgment.

■ Under the Federal Tort Claims Act, the filing of an administrative claim with the proper department or agency of the United States is a prerequisite to suit. 28 U.S.C. § 2675(a). Furthermore, the claimant must give the agency the opportunity to make a decision with respect to the claim, i.e., to grant the relief sought or to deny the claim. This means that the claimant must give the agency written notice of his claim sufficient to enable the agency to investigate it and must also place a value on his claim. *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.1980). No particular form or manner of giving notice is required, but the agency must be informed of the fact and of the amount of the claim within two years after it accrues. *Williams v. United States*, 693 F.2d 555 (5th Cir.1982); *Crow v. United States*, 631 F.2d 28 (5th Cir.1980); *Adams v. United States, supra; Molinar v. United States*, 515 F.2d 246 (5th Cir.1975). A claim is barred by limitations if it is not presented in writing to the appropriate agency within two years after it accrues. 28 U.S.C. § 2401(b). Facts and theories of liability which were never presented to the agency as part of an administrative claim cannot form the basis for a complaint under the Federal Tort Claims Act. *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir.1980). In other words, the administrative claim requirement is jurisdictional. *Rise v. United States, supra.*

■ In the instant case, the Plaintiff submitted an administrative claim on Standard Form 95 on February 1, 1990, within the two-year statute of limitations. A copy of the Standard Form 95 is found at Exhibit 12 to the Plaintiff's original complaint. Question number 13 on the Standard Form 95 calls upon the claimant to "state nature and extent of injury which forms the basis of this claim". In this space, the Plaintiff merely stated that he suffered from permanent urinary bladder disfunction and a worsening benign prostate condition due to the negli-

gence of William Beaumont personnel. He elaborated on this statement by stating that he has to urinate frequently or experience pain and discomfort. No mention is made of lower back problems or any other medical condition arising out of the alleged negligence. Taken as a whole, the administrative claim seeks compensation only for the alleged negligence of Defendant's agents and employees in failing to catheterize the Plaintiff in a timely manner before, during or after surgery, which he contends was the proximate cause of his urinary tract problems. The administrative claim alleges no negligence in administering anesthesia, and it says nothing about a resulting back injury. This was first mentioned in the amended complaint filed in December, 1991, more than three and one-half years after the surgery was performed at William Beaumont and more than one and one-half years after the expiration of the statute of limitations. Since these allegations were never included in a timely administrative claim, the Court must grant the Defendant's motion to dismiss them.

With respect to his claim that improper catheterization caused bladder and prostate problems, the Plaintiff has complied with the jurisdictional prerequisites to suit. Substantial discovery has been accomplished, and the Defendant has moved for summary judgment. The Court must decide whether there is a genuine issue of material fact, and, if not, whether the Defendant is entitled to judgment in its favor as a matter of law.

■ Under the Federal Tort Claims Act, the government is liable in damages to an injured party only if a private person would be liable under the same circumstances under the law of the state where the allegedly negligent act or omission occurred. 28 U.S.C. §§ 1346(b), 2674. A plaintiff claiming medical malpractice has the burden of proving that the treatment complained of was negligent, and also that such negligence was a proximate cause of the injury. *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779 (1949). With respect to negligence, the burden is on the plaintiff to establish by expert medical testimony that the act or omission of the accused physician fell below the commu-

nity standard of care. *Bowles v. Bourdon, supra; Eckert v. Smith,* 589 S.W.2d 533, 536 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). "Negligence" means the failure to exercise that degree of skill and care ordinarily employed under the same or similar circumstances by other practitioners in the field in the same or similar communities. *Bowles v. Bourdon, supra; Speer v. United States,* 512 F.Supp. 670, 677 (N.D.Tex.1981), affirmed 675 F.2d 100 (5th Cir.1982). With respect to the element of proximate cause, the Plaintiff has the burden of showing a reasonable probability that the injury was caused by the defendant's acts or omissions. *Bowles v. Bourdon, supra,* 219 S.W.2d at 785; *Martinez v. Meek,* 540 S.W.2d 774, 776 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.). If the trier of fact can do no more than speculate as to which of several possible causes was the actual cause of the injury in question, the Defendant is entitled to judgment in its favor. *Lenger v. Physician's General Hospital, Inc.,* 455 S.W.2d 703, 706 (Tex.1970); *Bowles v. Bourdon, supra,* 219 S.W.2d at 785; *Martinez v. Meek, supra* at 776.

■ Although these principles of Texas law are well established, and not in dispute, the immediate question is whether the Defendant is entitled to summary judgment with respect to the claim asserted by the Plaintiff. Summary judgment may be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Federal Rules of Civil Procedure, Rule 56(c); *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Brown v. Southwestern Bell.Telephone Company,* 901 F.2d 1250, 1255 (5th Cir.1990). After adequate time for discovery, summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex Corporation v. Catrett, supra,* 477 U.S. at 323, 106 S.Ct. at 2552. As noted earlier, the Plaintiff in this case requires expert medical testimony to discharge his burden of proof. The point of the Defendant's motion for summary judgment is that after adequate time for discovery, the Plaintiff has been unable to come up with any such expert testimony.

■ The following facts are demonstrated by the record, and are not in dispute: Plaintiff Ralph Portillo, Jr. was prepared for surgery at William Beaumont Army Medical Center at approximately 7:00 a.m. on April 18, 1988. He voided his bladder (urinated) prior to that time. He was taken into surgery, and the surgery was completed at approximately 10:45 a.m. The Plaintiff was transferred to the recovery room, and then back to his ward. He arrived at the ward at approximately 3:25 p.m. He was complaining that he needed to urinate but could not. At approximately 3:40 p.m., he was taken to the surgical ward and catheterized. The Plaintiff did contract a urinary tract infection, for which the records show he was treated two days later. Since then, it appears that he has suffered from recurrent urinary tract infection and chronic prostatitis. The apparent thrust of the Plaintiff's claim of malpractice is that the Defendant's medical personnel should have catheterized him sooner, and that waiting until almost 4:00 p.m. on the day of his surgery to perform catheterization was negligent.

The medical care afforded the Plaintiff in this case has been examined by three physicians: Dr. Gonzalez, Dr. Lozano, and Dr. Maldonado. Dr. Gonzalez is the Plaintiff's family physician. Dr. Gonzalez testified in his deposition that it was a "judgment call" as to when to catheterize a patient after surgery, and that the decision of the medical personnel in Plaintiff's case to wait six hours after surgery to perform catheterization was not a deviation from the accepted standard of care (Deposition, pp. 33–37). He also expressed the opinion that earlier catheterization could have led to the same infection, and that the alleged delay, if any, was not the proximate cause of any injury to the Plaintiff (Deposition, p. 37). Dr. Lozano has been the Plaintiff's urologist since 1990. He testified that it was accepted medical practice to wait about six hours after surgery to see if a patient would urinate voluntarily (Deposition, p. 37). He further stated his opinion that there was no deviation from the accepted

standard of care with regard to the catheterization in Plaintiff's case (Deposition, p. 52). He further testified that urinary tract infections are a common side effect of catheterization, and that he could find no negligence in connection with the catheterization of the Plaintiff. He also testified that the Plaintiff has suffered from chronic prostatitis since about 1981, and that it was not caused by the 1988 surgery (Deposition, p. 33). Dr. Maldonado is an Army urologist assigned to William Beaumont Army Medical Center. He treated the Plaintiff for his urinary tract infections after the surgery, but did not treat the Plaintiff before that time and had no part in the surgery itself. According to Dr. Maldonado, the applicable standard of care required that the Plaintiff be catheterized when he complained about urinary retention (Deposition, p. 11). Dr. Maldonado expressed the opinion that the medical treatment afforded the Plaintiff was in accordance with the standard of care (Deposition, p. 14). He expressed the further opinion that the Plaintiff's urinary tract infections were complications of his catheterization, but they were not due to any negligence (Deposition, p. 9). He also testified that, in his opinion, the Plaintiff's chronic prostatitis was not caused by or affected by any treatment he received at William Beaumont (Deposition, pp. 9–15).

The Plaintiff has the burden of proving his case, and the discharge of that burden would require expert medical evidence. After adequate opportunity for discovery, it is obvious that the requisite expert testimony is not available. Since the Plaintiff is unable to establish the essential elements of his claim of medical malpractice, summary judgment is appropriate.

It is therefore **ORDERED** that the Plaintiff's claim of negligence in administering anesthesia be, and it is hereby, **DISMISSED** for lack of subject matter jurisdiction.

It is further **ORDERED** that as to the Plaintiff's claim of negligence in catheterization, summary judgment be, and it is hereby, **ENTERED** in favor of the Defendant, and that the Plaintiff take nothing by his suit.