Robert STANCOMB, Plaintiff,

v.

·UNITED STATES of America
and Guy Glenn Howard.

No. CIV. A. 9:00CV68.

United States District Court,
E.D. Texas,
Lufkin Division.

July 11, 2000.

**1020**

Jeff B. Badders, Badders & Badders, Lufkin, TX, for Plaintiff.

Michael Bradford, United States Attorney, Beaumont, TX, for Defendant.

### ORDER

COBB, District Judge.

Before this court is Defendant's Motion to Dismiss for failure to exhaust administrative remedies [6] and the court having reviewed the motion and response on file is of the opinion that the motion be GRANTED. For the reasons stated in this memorandum opinion however, the court dismisses the action without prejudice.

## I. BACKGROUND

Robert Stancomb was injured in an automobile accident with a truck driven by Guy Glenn Howard, a Forestry Service employee, on March 9, 1998. Ten days later on March 19, 1998, Mr. Stancomb's attorney sent a demand letter to the forest service. This letter however did not indicate an amount for the claim. On March 31, 1998, Sherry Reaves, a claims specialist, sent a letter to Mr. Stancomb's attorney requesting he fill out a "SF–95"form. The letter also stated that a claim is "presented" when a completed SF–95 form or other written notification of the claim and a sum certain is received and that the whole claim process should take between four and six months. On April 21, 1998, Mr. Stancomb's attorney returned a SF–95 form which was complete except that it did not give a sum certain for the amount of the claim. The only answer in the spaces for provided for personal injury was "yes" and for the total was: "unknown at this time." On May 15, 1998 Sherry Reaves wrote another letter to Mr. Stancomb's attorney returning the SF–95 and requesting a specific dollar amount. This letter also requested itemized bills or receipts for Mr. Stancomb's medical expenses. On May 22, 1998, Mr. Stancomb's attorney claims he sent copies of the medical bills and stated the amount of Mr. Stancomb's claim was $1,000,000.00. The government however, denies ever receiving the May 22nd letter. Only the letters of March 19th and March 29th were sent by certified mail. Mr. Stancomb filed this action on March 6, 2000. A certified-mail receipt shows that the forest service received a copy of the complaint on March 8, 2000.

The government moved for dismissal for failure to comply with the Federal Tort Claims Act. 28 U.S.C. § 1346 & § 2401 (1994). Specifically, it argued that Stancomb failed to exhaust his administrative remedies because he cannot establish that the Forestry Service received his May 22nd letter. This court however, need not determine whether Stancomb can demonstrate that the Forestry Service received the May 22nd letter because a copy of his complaint, which satisfied the notice requirements under the FTCA, was sent to the Forestry Service when he filed suit. The motion to dismiss is granted despite this because Stancomb must now wait for an administrative denial of his claim before pursuing a civil action in this court.

## II. ANALYSIS

The United States is immune from suit unless it has waived its immunity and consented to suit. *See Price v. United States,* 69 F.3d 46, 49 (5th Cir.1995). Such waivers of sovereign immunity are to be narrowly construed. *Id.* A civil action may be brought under the FTCA only if the claimant first presents an administrative claim and a sum certain to the agency whose actions give rise to the claim. *See* 28 U.S.C. § 2675.

Presentment of a claim to the appropriate agency and denial of that claim by the agency in writing, sent by certified mail, are jurisdictional prerequisites to a tort suit brought against the United States. 28 U.S.C. § 2675(a); *see also* 28 C.F.R. § 14.9; *Flory v. United States,* 138 F.3d 157, 159 (5th Cir.1998). It is the plaintiff's burden to prove receipt by

the appropriate Federal agency; merely mailing the claim will not suffice. *See Moya v. United States,* 35 F.3d 501, 504 (10th Cir.1994); 28 C.F.R. § 14.2(a). The notice element of § 2675 is satisfied if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate *and* (2) places a value on his or her claim. *See Frantz v. United States,* 29 F.3d 222, 224 (5th Cir. 1994); *Wardsworth v. United States,* 721 F.2d 503, 505 (5th Cir.1983). A claimant also has the option of completing a SF–95 which, if properly completed, satisfies both of these elements. The agency is not deemed to receive notice of the claim unless plaintiff can establish that the agency has received both elements of notice. *See Wardsworth,* 721 F.2d at 505.[1]

 Tort claims must be presented to the appropriate agency within two years after such claim accrues or else they will be barred by limitations. 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Thus, a claimant has two years to bring his claim to the attention of the appropriate agency and then six months after the claim is finally denied, to file a civil action in federal court. If the agency does not act on the claim within six months of receipt, the claimant may deem the claim to be finally denied and may file a civil action in federal court any time thereafter. 28 U.S.C. § 2675.[2]

 In the present case, Stancomb can show that the Forestry Service had writ-

ten notice of Stancomb's claim and a sum certain within two years of the date of the incident. While the March 19, 1998 letter failed to give a sum certain, the copy of the complaint which was received by the Forestry Service on March 8, 2000 did. The complaint itself meets both of the above requirements as it (1) gives notice of the facts which give rise to the claim and (2) places a $2,000,000.00 value on the claim. Other courts have found the information in complaints sufficient to meet the sum-certain amount as well as give notice of the claim. *See Williams v. United States,* 693 F.2d 555, 558 (5th Cir.1982); *55 Motor Co. v. Liberty Indus. Finishing Corp.,* 885 F.Supp. 410, 417–18 (E.D.N.Y.1994). To satisfy the sum-certain requirement, the plaintiff need only indicate some dollar value for his claim, only a total failure to place a dollar amount will fail to meet this requirement. *See Wardsworth,* 721 F.2d at 505–06; *Crow v. United States,* 631 F.2d 28, 30 (5th Cir.1980) (noting that even the inadvertent inclusion of receipts in a demand letter meets the sum certain requirement).

 However, since the plaintiff did not present his claim to the agency until March 8, 2000, this court is without jurisdiction to entertain Stancomb's complaint. The subject matter jurisdiction of this court is conditioned on compliance with 28 U.S.C. § 2675(a), which declares that an action shall not be instituted unless the plaintiff has filed an administrative claim and that claim has been denied or presumed denied because six months have passed. *See Price,* 69 F.3d at 54. Stancomb must exhaust his administrative remedies before pursuing a civil action in federal court.

## III. CONCLUSION

While Mr. Stancomb submitted a claim within the two-year statute of limitations,

---

1. Section 2675 is intended to ease court congestion and avoid unnecessary litigation by making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States. *See Frantz,* 29 F.3d at 224.

2. The six-month statute of limitation in § 2401 does not apply to a claim which is presumed to be denied by agency inaction under § 2675. *See McCallister v. United States,* 925 F.2d 841, 843 (5th Cir.1991).

his suit is premature because there has been no denial of his claim and six months have not yet passed. It is therefore the opinion of this court that the complaint should be dismissed without prejudice with leave to refile the complaint if the appropriate federal agency denies the claim in accordance with § 2675(a). It is hereby ORDERED that the Defendant's Motion is GRANTED and the above-styled cause of action is hereby DISMISSED WITHOUT PREJUDICE.