**John Wesley BRYAN, Plaintiff,**

v.

**CLARENCE ANTHONY STEVENS, Metropolitan Transit Authority and United States of America, Defendants.**

**No. CIV. A. H–00–4411.**

United States District Court, S.D. Texas.

Oct. 19, 2001.

Mark Benjamin Levin, Attorney at Law, Houston, TX, for John Wesley Bryan, plaintiffs.

Randy Frazier, Jr., Metroplitan Transit Authority, Elizabeth F. Karpati, Assistant U.S. Attorney, Houston, TX, for Clarence Anthony Stevens, Metropolitan Transit Authority, United States of America, defendants.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the court is Defendant United States of America's ("United States") Motion to Dismiss and Amended Motion to Dismiss (#'s 9, 16). The United States seeks dismissal for lack of subject matter jurisdiction of Plaintiff John Wesley Bryan's ("Bryan") complaint alleging claims for negligence and negligent entrustment under Texas law. Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that the dismissal of Bryan's claims against the United States is warranted.

### I. *Background*

On January 13, 1999, Bryan was a passenger on a Metroplitan Transit Authority ("Metro") bus when it allegedly collided with a United States Postal Service ("USPS") vehicle driven by Howard Wayne Young ("Young") at the intersection of Congress and Louisiana Streets in Houston, Texas. Bryan claims to have suffered serious personal injuries as a result of the collision.

Bryan's complaint, filed on December 19, 2000, as amended on April 5, 2001, alleges claims against the United States for negligence arising from the actions of Young under a theory of respondeat superior and from the negligent entrustment of its vehicle to Young. On March 1, 2001, the United States filed a motion to dismiss, contending that the court lacks subject matter jurisdiction of this action due to the doctrine of sovereign immunity. The United States asserts that Bryan failed to exhaust his administrative remedies as required by the Federal Tort Claims Act ("FTCA") and is now barred from maintaining this action. Specifically, the United States asserts that Bryan did not properly present his claim to the USPS, as mandated by the regulations governing tort claims against the Postal Service. In response, Bryan submitted a letter and a draft of a letter dated January 4, 2000, from his counsel addressed to the Assis-

tant General Counsel, Claims Division, U.S. Postal Service, informing the USPS of his claims. In reply, the United States notes that Bryan has adduced no proof that he mailed the letter or, more critically, that the USPS received it, adding that the letter also fails to specify a sum certain in damages as required by the regulations. The United States subsequently amended its motion to state that Bryan's amended complaint does not cure the defects delineated in its original motion.

## II. *Analysis*

### A. *Dismissal Under Rule 12(b)(1)*

■ Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenge the subject matter jurisdiction of the federal district court. *See* FED. R. CIV. P. 12(b)(1). " 'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.' " *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir.1996)). Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the Constitution, lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir.1998); *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir. 1996); *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir.1994). The burden of establishing federal jurisdiction rests on the party seeking to invoke it. *See Stockman,* 138 F.3d at 151; *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir.1995), *cert. denied,* 516 U.S. 1071, 116 S.Ct. 771, 133 L.Ed.2d 724 (1996); *Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir.1984); *Menchaca v.*

*Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury,* 85 F.3d at 248 (citing *Strain,* 742 F.2d at 889).

■ "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir.), *petition for cert. filed,* 69 U.S.L.W. 3791 (U.S. June 11, 2001) (No. 00–1842); *accord Robinson v. TCI/US West Communications Inc.,* 117 F.3d 900, 904 (5th Cir. 1997); *McAllister v. FDIC,* 87 F.3d 762, 765 (5th Cir.1996); *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996); *Ynclan v. Department of Air Force,* 943 F.2d 1388, 1390 (5th Cir.1991). Nevertheless, all uncontroverted allegations in the complaint must be accepted as true. *See Den Norske Stats Oljeselskap As,* 241 F.3d at 424; *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *Cloud v. United States,* 126 F.Supp.2d 1012, 1017 (S.D.Tex. 2000). Thus, when examining a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), unlike a motion to dismiss under Rule 12(b)(6), the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir.1986); *Williamson,* 645 F.2d at 413; *Cloud,* 126 F.Supp.2d at 1017.

■ It is well settled that "a district court has broader power to decide its own right to hear the case than it has when the

merits of the case are reached." *Williamson,* 645 F.2d at 413. "Jurisdictional issues are for the court—not a jury—to decide whether they hinge on legal or factual determinations." *Id.* To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties. *See Espinoza v. Missouri Pac. Ry. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). The court may also conduct an evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson,* 645 F.2d at 413; *see Menchaca,* 613 F.2d at 511–12. The court must always be mindful, however, of " ' "the first principle of federal jurisdiction," ' " which requires a federal court to dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Stockman,* 138 F.3d at 151 (quoting *Veldhoen,* 35 F.3d at 225 (quoting HART & WECHSLER, THE FEDERAL COURTS AND THE FEDERAL SYSTEM 835 (2d ed.1973))).

### B. *Sovereign Immunity*

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)); *see Jeanmarie v. United States,* 242 F.3d 600, 602 (5th Cir.2001); *Metropolitan Life Ins. Co. v. Atkins,* 225 F.3d 510, 512 (5th Cir.2000); *Linkous v. United States,* 142 F.3d 271, 275 (5th Cir.1998). The doctrine of sovereign immunity operates to preclude lawsuits against the United States, its agencies, and its employees acting in their official capacity. *See FDIC v. Meyer,*

510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Block v. North Dakota,* 461 U.S. 273, 280, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); *Ecclesiastical Order of the Ism of Am., Inc. v. Chasin,* 845 F.2d 113, 115–16 (6th Cir.1988); *Carelli v. IRS,* 668 F.2d 902, 904 (6th Cir.1982). Sovereign immunity is a jurisdictional bar to such actions unless the United States waives immunity and consents to suit. *See Meyer,* 510 U.S. at 475, 114 S.Ct. 996; *Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988); *Sherwood,* 312 U.S. at 586–87, 61 S.Ct. 767; *United States v. Shaw,* 309 U.S. 495, 501, 60 S.Ct. 659, 84 L.Ed. 888 (1940); *Bank One Tex., N.A. v. Taylor,* 970 F.2d 16, 33 (5th Cir.1992), *cert. denied,* 508 U.S. 906, 113 S.Ct. 2331, 124 L.Ed.2d 243 (1993). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Meyer,* 510 U.S. at 475, 114 S.Ct. 996 (citing *Loeffler,* 486 U.S. at 554, 108 S.Ct. 1965; *Federal Hous. Admin. v. Burr,* 309 U.S. 242, 244, 60 S.Ct. 488, 84 L.Ed. 724 (1940)); *see Spawn v. Western Bank—Westheimer,* 989 U.S. 830, 835 (5th Cir.1993), *cert. denied,* 510 U.S. 1109, 114 S.Ct. 1048, 127 L.Ed.2d 371 (1994). The principle of sovereign immunity "has been deeply embedded in our federal system from its inception." *Welch v. Texas Dep't of Highways & Pub. Transp.,* 483 U.S. 468, 488, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987). It is based "on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends." *Kawananakoa v. Polyblank,* 205 U.S. 349, 353, 27 S.Ct. 526, 51 L.Ed. 834 (1907).

Thus, a court may not exercise subject matter jurisdiction over a claim against the federal government except as Congress allows. *See United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971,

48 L.Ed.2d 390 (1976); *Armendariz–Mata v. United States Dep't of Justice,* 82 F.3d 679, 682 (5th Cir.), *cert. denied,* 519 U.S. 937, 117 S.Ct. 317, 136 L.Ed.2d 232 (1996) (citing *Meyer,* 510 U.S. at 475, 114 S.Ct. 996); *Wilkerson v. United States,* 67 F.3d 112, 118 (5th Cir.1995). The existence of congressional consent is a prerequisite for jurisdiction. *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *Sherwood,* 312 U.S. at 586, 61 S.Ct. 767. "Congress has broad powers over the jurisdiction of the federal courts and over the sovereign immunity of the United States . . . ." *California v. Arizona,* 440 U.S. 59, 66, 99 S.Ct. 919, 59 L.Ed.2d 144 (1979). When the United States consents to be sued, the terms of the waiver of sovereign immunity define the contours of a court's jurisdiction to entertain such a suit. *See Meyer,* 510 U.S. at 475, 114 S.Ct. 996; *United States v. Mottaz,* 476 U.S. 834, 841, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986); *Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349; *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Williamson v. United States Dep't of Agric.,* 815 F.2d 368, 374 (5th Cir.1987).

■ A waiver of sovereign immunity must be strictly construed in favor of the sovereign and not enlarged beyond that which the statute requires. *See United States Dep't of Energy v. Ohio,* 503 U.S. 607, 615, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992); *Sherwood,* 312 U.S. at 590, 61 S.Ct. 767; *Jeanmarie,* 242 F.3d at 604; *McCarty v. United States,* 929 F.2d 1085, 1087 (5th Cir.1991). Therefore, a waiver of sovereign immunity cannot be implied but must be unequivocally expressed by statute. *See United States v. Nordic Vill., Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981); *Testan,* 424 U.S. at 393–94, 96 S.Ct. 948; *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); *Wilkerson,* 67 F.3d at 118; *Shanbaum v. United States,* 32 F.3d 180, 182 (5th Cir.1994) (citing *Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349); *Taylor,* 970 F.2d at 33; *Interfirst Bank Dallas, N.A. v. United States,* 769 F.2d 299, 306 n. 10 (5th Cir.1985), *cert. denied,* 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986); *Carelli,* 668 F.2d at 904. Furthermore, when Congress attaches conditions to a waiver of sovereign immunity, "those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block,* 461 U.S. at 287, 103 S.Ct. 1811. Similarly, when a court is confronted with a purported waiver of immunity, the court must construe any ambiguities in favor of immunity. *See United States v. Williams,* 514 U.S. 527, 531, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995); *see also Linkous,* 142 F.3d at 275.

### C. *Federal Tort Claims Act*

■ The FTCA, subject to various exceptions, operates as a waiver of the United States' sovereign immunity for claims sounding in tort. *See* 28 U.S.C. §§ 2671–2680; *Molzof v. United States,* 502 U.S. 301, 305, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992); *United States v. Gaubert,* 499 U.S. 315, 319 n. 4, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Atkins,* 225 F.3d at 512. "The FTCA provides for a waiver of the United States' immunity from suit for those claims regarding 'injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.' " *Jeanmarie,* 242 F.3d at 602 (quoting 28 U.S.C. § 2679(b)(1)). By enacting the FTCA, Congress explicitly waived the sovereign immunity of the United States in certain circumstances:

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674. Hence, "the United States is liable for the negligence of its employees 'in the same manner and to the same extent as a private individual under like circumstances ...'" *Crider v. United States*, 885 F.2d 294, 296 (5th Cir.1989), *cert. denied*, 495 U.S. 956, 110 S.Ct. 2561, 109 L.Ed.2d 743 (1990) (quoting 28 U.S.C. § 2674). Congress enacted the statute to prevent injustice to those having meritorious claims that sovereign immunity would otherwise bar and to eliminate the burden on Congress of investigating claims for relief.[1] *See United States v. Muniz*, 374 U.S. 150, 154, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

■■■■ The FTCA allows federal courts to exercise jurisdiction over claims brought against the United States for property damage, personal injury, or death caused by the negligent or wrongful acts or omissions of federal employees while acting in the scope of their employment if a private person would be liable to the claimant under comparable circumstances. *See* 28 U.S.C. § 1346(b). The extent of the United States' liability under the FTCA is generally determined by reference to the law of the state "'where the act or omission occurred.'" *Crider*, 885 F.2d at 295 (quoting 28 U.S.C. § 1346(b)); *see Molzof*, 502 U.S. at 305, 112 S.Ct. 711; *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir.1995); *Portillo v. United*

*States*, 816 F.Supp. 444, 446 (W.D.Tex. 1993), *aff'd*, 29 F.3d 624 (5th Cir.1994). If the substantive law of the state in which the misconduct occurred would not permit recovery, the United States will not be liable under the FTCA for its employees' misconduct. *See Carlson v. Green*, 446 U.S. 14, 23, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir.1995).

■■■■ In order to proceed in federal court under the FTCA, the plaintiff must have first exhausted the administrative remedies made available by the federal agency involved. *See* 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106, 110, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir.1998); *Saunders v. Bush*, 15 F.3d 64, 66–67 (5th Cir.), *cert. denied*, 512 U.S. 1207, 114 S.Ct. 2678, 129 L.Ed.2d 813 (1994); *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1441 (5th Cir.), *amended in part on other grounds*, 905 F.2d 61 (5th Cir.1990). The relevant statute provides:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposi-

---

1. "Prior to 1946 [and the passage of the FTCA], the sovereign immunity of the United States prevented those injured by the negligent acts of federal employees from obtaining redress through lawsuits; compensation could be had only by passage of a private bill in Congress. The FTCA replaced that notoriously clumsy ... system of compensation with a limited waiver of the United States' sovereign immunity." *Molzof*, 502 U.S. at 304, 112 S.Ct. 711 (citations and internal quotations omitted).

tion of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

(c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.

28 U.S.C. § 2675. The filing of a claim with the appropriate governmental agency is an absolute jurisdictional prerequisite and cannot be waived. *See Kanar v. United States,* 118 F.3d 527, 528 (7th Cir.1997); *Ahmed v. United States,* 30 F.3d 514, 516 (4th Cir.1994); *Transco Leasing Corp.,* 896 F.2d at 1441. "A claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim." *Id.* at 1442; *see Millares Guiraldes de Tineo,* 137 F.3d at 720; *Orlando Helicopter Airways v. United States,* 75 F.3d 622, 625 (11th Cir.1996).

■ The regulations governing personal injury claims arising out of the operations of the USPS provide:

a claim shall be deemed to have been presented when the U.S. Postal Service *receives* from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. Standard Form 95 may be obtained from postmaster, postal inspectors, or other local Postal Service establishments.

39 C.F.R. § 912.5(a) (emphasis added). The burden is on the plaintiff to prove that the federal agency received notice of the written claim; merely mailing the claim will not suffice. *See Stancomb v. United States,* 121 F.Supp.2d 1019, 1020–21 (E.D.Tex.2000) (citing *Moya v. United States,* 35 F.3d 501, 504 (10th Cir.1994); 28 C.F.R. § 14.2(a)); *see also Drazan v. United States,* 762 F.2d 56, 58 (7th Cir. 1985) (holding that "mailing is not presenting; there must be receipt"); *Dark v. United States,* Civ. A. No. 91–1438, 1991 WL 147544, at *2–3 (E.D.Pa. July 26, 1991), *aff'd,* 961 F.2d 1566 (3d Cir.1992) (finding statements by plaintiff's attorney that request was mailed accompanied by copy of request letter were insufficient to prove receipt).

Bryan contends that he presented his claim to the USPS within the two-year time period designated by the FTCA.[2] He submits two documents purporting to be a

---

**2.** 28 U.S.C. § 2401(b) states that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

letter and a draft of the same letter dated January 4, 2000, from his counsel to the Assistant General Counsel, Claims Division, U.S. Postal Service, Washington, D.C. 20260, which read:

The undersigned presents this notice of injury and claim for the damages under The Federal Tort Claims [sic] as well as any application charter or ordinance under which it is to be presented.

## I.

The injured party is John Wesley Bryan, hereafter referred to as "Claimant" who resides at 7901 Easton 19, Houston, Houston [sic], Harris County, Texas 77017.

## II.

The occurrence giving rise to this claim took place on January 13, 1999 at or near 1200 Travis, Houston Harris County, Texas. On January 13, 1999, Claimant was a passenger in a metro [sic] bus that was struck by a U.S. Mail truck. This incident caused severe and probably permanent personal injuries which will be detailed for you as soon as medical reports become available.

## III.

The occurrence giving rise to this claim was a direct and proximate result of the negligence of the agents, servants, and employees of U.S. Postal Service as follows:

1. Failing to keep a proper lookout;
2. Driving the motor vehicle at an excessive rate of speed;
3. Failing to timely apply their brakes;
4. Failing to maintain proper control of the vehicle and to operate the vehicle in a reasonable and prudent manner;

5. Failing to give proper warning upon an impending collision; and
6. Failing to control their speed.

## IV.

As a direct an [sic] proximate result of his injuries, Claimant John Wesley Bryan has, as of date of this notice, sustained the following damages: medical bills, including doctors, hospital, and drug expenses, together with past, present, and future pain, suffering, and mental anguish.

He has also adduced a copy of a letter reportedly sent to Metro on January 3, 2000. Bryan has not, however, offered any evidence establishing that the USPS actually received notice of his claim. He concedes that he "can bring no proof forward that the letter was sent certified or registered mail."

The United States maintains that it never received notice of Bryan's claim, presenting as evidence the sworn declaration of Barbara T. West ("West"), a paralegal specialist in the Law Department of the USPS. In her declaration, West states:

2. The United States Postal Service maintains a nationwide electronic database for the purpose of tracking administrative tort claims. As a paralegal, I have access to the information in this database. In addition, I am able to obtain information about filed claims by contacting accident investigators for the United States Postal Service who maintain original records of tort claims filed with them in their respective jurisdictions.

3. At the request of the attorneys for the defendants in this matter, I have conducted a search of the national administrative claim database and I have contacted the accident investigator in Houston, Texas. In my investigation I

did not locate a tort claim that includes the name of John Wesley Bryan, the plaintiff in the instant action. I conclude that John Wesley Bryan has not filed an administrative tort claim with the United States Postal Service, as required under the provisions of the Federal Tort Claims Act.

In this situation, Bryan has not demonstrated that the USPS received notice of his claim as required by 39 C.F.R. § 912.5(a). The Fifth Circuit has held that a valid administrative claim gives the relevant agency written notice of the claim sufficient to enable the agency to investigate the circumstances of the claim. *See Frantz v. United States,* 29 F.3d 222, 224 (5th Cir.1994); *Adams v. United States,* 615 F.2d 284, 289 (5th Cir.), *clarified on other grounds,* 622 F.2d 197 (5th Cir.1980). Here, there is no evidence that the United States was aware of Bryan's claim prior to being served with the complaint in this case; thus, it was unable to investigate the incident at issue. As stated by the Ninth Circuit, the court should not "accept [Plaintiff's] invitation to rewrite the [FTCA] and in effect repeal the regulation by holding that mailing alone is sufficient to meet the requirement that a claim be 'presented.'" *Bailey v. United States,* 642 F.2d 344, 347 (9th Cir.1981). In this instance, Bryan has failed even to show that he mailed the January 4, 2000, letter to the USPS, having submitted no affidavit or other proof of mailing. *See id.* (plaintiffs "did not send [notice of the claim] by certified or registered mail, a well known and easy way to establish receipt"); *accord Dark,* 1991 WL 147544, at *3.

 Furthermore, even if Bryan could demonstrate that the USPS received his counsel's letter, the letter does not provide notice to the agency of the amount of the claim, as required by the applicable statute and regulation. *See* 28 U.S.C. § 2675; 39 C.F.R. § 912.5(a). "An individual with a claim against the United States ... satisfies section 2675's requirement that 'the claimant shall have first presented the claim to the appropriate Federal agency' if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) *places a value upon his or her claim." Adams,* 615 F.2d at 289 (emphasis added); *accord Frantz,* 29 F.3d at 224; *Wardsworth v. United States,* 721 F.2d 503, 505 (5th Cir.1983), *cert. denied,* 469 U.S. 818, 105 S.Ct. 87, 83 L.Ed.2d 34 (1984); *Stancomb,* 121 F.Supp.2d at 1021. "Noncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim." *Adams,* 615 F.2d at 289; *accord Wardsworth,* 721 F.2d at 505. Similarly, under the regulations, an administrative claim must be "accompanied by a claim for money damages in a *sum certain* for injury." 39 C.F.R. § 912.5(a) (emphasis added); *see Kokotis v. United States Postal Serv.,* 223 F.3d 275, 278 (4th Cir.2000); *Kokaras v. United States,* 980 F.2d 20, 22 (1st Cir.1992), *cert. denied,* 510 U.S. 819, 114 S.Ct. 74, 126 L.Ed.2d 43 (1993). Here, Bryan states only that "[a]s a direct an [sic] proximate result of his injuries, [he] has, as of date of this notice, sustained the following damages: medical bills, including doctors, hospital, and drug expenses, together with past, present, and future pain, suffering, and mental anguish." The letter does not attempt to place a dollar value on Bryan's claim. Hence, assuming that the USPS received the letter, Bryan did not properly present his claim to the agency, as he did not specify a sum certain for his injuries.

 The FTCA statute of limitations bars tort claims filed against the United States if they are not properly presented to the appropriate federal agency within two years of the claim's accrual.

*See* 28 U.S.C. § 2401(b); *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589 (5th Cir. 1999), *cert. denied*, 530 U.S. 1274, 120 S.Ct. 2740, 147 L.Ed.2d 1004 (2000). It is well established that the limitations period is a jurisdictional prerequisite. *See Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998) (citing *Price v. United States*, 69 F.3d 46, 54 (5th Cir.1995), *cert. denied*, 519 U.S. 927, 117 S.Ct. 295, 136 L.Ed.2d 214 (1996); *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir.1987), *cert. denied*, 485 U.S. 1006, 108 S.Ct. 1470, 99 L.Ed.2d 699 (1988)); *MacMillan v. United States*, 46 F.3d 377, 380 n. 3 (5th Cir.1995). The claims in the present action accrued on January 13, 1999, the date of the alleged vehicle collision. Thus, Bryan had until January 13, 2001, to present his administrative claim to the USPS. Because he failed to provide timely notice of his claim and the statute of limitations has now run, Bryan is barred from prosecuting this action against the United States.

III. *Conclusion*

Bryan has not satisfied his burden to establish federal court jurisdiction over his tort claim against the United States. Bryan did not exhaust his administrative remedies under the FTCA, as he failed to present a claim for a sum certain to the USPS within two years of the alleged incident. Therefore, because the United States is entitled to invoke the doctrine of sovereign immunity, this action must be dismissed for lack of subject matter jurisdiction.

Accordingly, the United States' Motion to Dismiss and Amended Motion to Dismiss are GRANTED.

IT IS SO ORDERED.

## ORDER DISMISSING CLAIMS AGAINST THE UNITED STATES OF AMERICA

In accordance with the Memorandum and Order dated October 19, 2001, granting Defendant United States of America's motions to dismiss for lack of subject matter jurisdiction, Plaintiff John Wesley Bryan's claims against Defendant United States of America are DISMISSED WITH PREJUDICE.