Louis J. CAPOZZOLI, Jr. and Laura B. Capozzoli, Plaintiffs-Appellants,

v.

W. J. TRACEY, Jr., et al., Defendants-Appellees.

No. 81–3017.

United States Court of Appeals, Fifth Circuit.

Dec. 11, 1981.

Terrence C. McRea, Baton Rouge, La., for plaintiffs-appellants.

Donald L. Beckner, U. S. Atty., Richard S. Thomas, Asst. U. S. Atty., Baton Rouge, La., for defendants-appellees.

Before CHARLES CLARK, Chief Judge, GOLDBERG and WILLIAMS, Circuit Judges.

GOLDBERG, Circuit Judge:

Louis and Laura Capozzoli brought this suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), for damages based on the allegedly tortious conduct of an agent of the Internal Revenue Service ("IRS"). The District Court dismissed the action on the grounds that it was barred by 28 U.S.C. § 2680(c), an exception to the FTCA which retains the government's sovereign immunity for "[a]ny claims arising in respect of the assessment or collection of any tax. . . ." We affirm.

PRELUDE

In 1979, William Tracey was employed by the IRS as an Engineer Revenue Agent. His job as an Engineer Revenue Agent was to make physical inspections of property in order to determine the extent of damage claimed by taxpayers as casualty losses.

In April, 1979, Tracey was assigned to investigate a casualty loss claimed by the Capozzolis. The claim pertained to flood damage on an undeveloped tract of land located on the south side of Bayou Manchac, in Louisiana. The Capozzolis allege that Agent Tracey entered this south tract of land without prior notice or permission. They further allege that although the casualty loss in question did not involve their home, Tracey proceeded to photograph the Capozzoli residence, which is located on the north side of Bayou Manchac directly across from the undeveloped tract of land to the south.

Mrs. Capozzoli claims that, at the time of this incident, she was alone in the house, clad only in her nightclothes. The sight of Agent Tracey "prowling about" her property and taking photographs allegedly caused Mrs. Capozzoli "extreme embarrassment, humiliation and mental distress."

The Capozzolis brought this action under the FTCA in the United States District Court for the Middle District of Louisiana against Agent Tracey and the United States Government, seeking damages for trespass and invasion of privacy. The United States moved to dismiss on the grounds that the claim was barred by Section 2680(c) of the FTCA, which retains the Government's sovereign immunity for claims arising in respect to the assessment or collection of any tax.

Judge Parker found that plaintiffs' claims against the United States were barred by Section 2680(c) and that the FTCA did not confer jurisdiction over Mr. Tracey, an individual federal employee.[1]

1. Judge Parker correctly noted that dismissal of plaintiffs' claim against the United States was without prejudice to any action the Capozzolis might bring against Tracey in his individu-al capacity for violation of the Capozzolis' Fourth Amendment rights. *See Bivens v. Six Unknown Named Agents of the Federal Bureau*

Accordingly, Judge Parker entered summary judgment against the Capozzolis.[2] The sole issue on appeal is whether plaintiffs' claim against the United States is foreclosed by Section 2680(c).

## PLAINTIFFS' THREE–PART INVENTION

Plaintiffs contend that their claim is not foreclosed by 28 U.S.C. § 2680(c) because Agent Tracey's investigatory activities constituted neither "assessment" nor "collection" of taxes as those terms are used in the Internal Revenue Code, 26 U.S.C. § 1, *et seq.* According to plaintiffs, the activities of the IRS fall into three distinct categories: "determination," "assessment" and "collection" of taxes. Plaintiffs contend that Agent Tracey's activities were limited to "determining" the Capozzolis' taxes, and that his job involved neither "assessment" nor "collection." We do not agree.

Plaintiffs cannot point to any provision of the Code which would support their tripartite division of the IRS's functions. While it is true that the words "determine" and "determination" appear in various sections of the Code and its related Regulations, in none of these references is there any suggestion that the "determination" of taxes is separate from or unrelated to the overall process of. assessing and collecting taxes. We therefore reject plaintiffs' suggested Balkanization of the Code, for we do not see any natural borders or lines of demarcation to be drawn between the IRS' "determination" activities and its "assessment" or "collection" activities.

Even if we were to accept the view that the Code, like Gaul,[3] is divided into three distinct parts, plaintiffs offer nothing to show that the language of Section 2680(c) was intended by Congress to track, incorporate or refer to the Code's supposed tripartite division. On the contrary, we find that, in enacting Section 2680(c) of the FTCA, Congress intended to insulate the IRS from tort liability stemming from *any* of its revenue-raising activities.

The language of 28 U.S.C. § 2680(c) is identical to that of another U.S.Code provision, 26 U.S.C. § 7421(a), which prohibits any "suit for the purpose of restraining the *assessment or collection of any tax*" (emphasis added). *See Am. Assn. of Commodity Traders v. Dept. of Treasury,* 598 F.2d 1233, 1235 (1st Cir. 1979). In construing Section 7421(a), the Supreme Court in *Bob Jones University v. Simon,* 416 U.S. 740, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) interpreted the phrase "assessment and collection of taxes" broadly to preclude judicial interference with any phase of IRS activities. We believe that both 26 U.S.C. § 7421(a) and 28 U.S.C. § 2680(c) reflect the government's strong interest in protecting the administration of its tax system from the burden of constant litigation. This interest would be completely frustrated if we were to read Section 2680(c) as providing an immunity for only certain narrowly defined activities of the IRS.

## AGENT TRACEY'S ALLEGED OFF– THE–BEAT IMPROVISATION

The Capozzolis contend that even if Agent Tracey's inspection of the non-residential property south of Bayou Manchac is considered to be "in respect of the assessment or collection" of taxes, other activities of Agent Tracey went so far beyond anything necessary to determining the Capozzolis' taxes as to be outside the scope of 28 U.S.C. § 2680(c). Specifically, it is alleged that Agent Tracey's investigation pertained only to the property south of Bayou Manchac, yet Tracey nevertheless photographed

*of Investigation,* 403 U.S. 388, 99 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**2.** The District Court thought that the government's motion to dismiss was based on plaintiffs' failure to state a cause of action, Fed.R. Civ.P., Rule 12(b)(6). After soliciting affidavits from the parties, he treated the motion as one for summary judgment, Rule 56. Although it does not affect the result in this case, we note that the District Court should have dismissed plaintiffs' claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See Stanley v. Central Intelligence Agency,* 639 F.2d 1146, 1156–1160 (5th Cir. 1981).

**3.** *Gallia est omnis divisa in partes tres.* Julius Caesar, *De Bello Gallico.*

the Capozzolis' home north of Bayou Manchac, which had not been the subject of any casualty loss claim by the Capozzolis. Therefore, Agent Tracey's photography of the Capozzolis' home constituted a tortious invasion of privacy unrelated to his official duties of assessing or collecting taxes.

■ Again, we cannot subscribe to plaintiffs' narrow construction of 28 U.S.C. § 2680(c). Congress retained the United States' sovereign immunity for any claim *in respect of* the assessment or collection of taxes. This language is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties.

■ Plaintiffs seem to argue that since an IRS employee is not authorized to commit torts, any tortious or wrongful conduct by an agent cannot, by definition, be in respect of his official duties of assessing or collecting taxes. However, this construction, which would render Section 2680(c) meaningless, has been consistently rejected. Section 2680(c) has been interpreted broadly by the courts to preclude suits for damages arising out of the allegedly tortious activities of IRS agents when those activities were in any way related to the agents' official duties. *See, e. g., Morris v. United States,* 521 F.2d 872, 874 (9th Cir. 1975); *Broadway Open Air Theatre v. United States,* 208 F.2d 257, 259 (4th Cir. 1953); *Pugh v. I.R.S.,* 472 F.Supp. 350, 352–353 (E.D.Pa.1979); *Paige v. Dillon,* 217 F.Supp. 18, 20 (S.D.N.Y.1963).

For example, the plaintiffs in *Morris v. United States, supra,* alleged that IRS agents intentionally and illegally intimidated and harassed them, seized their property, and destroyed their business by telling creditors that plaintiff would be insolvent as a result of tax liability. Clearly, such conduct on the part of IRS agents, if true, would be unauthorized. Nevertheless, the Court held plaintiffs' claims were barred by Section 2680(c), stating,

> Even assuming *arguendo* that the Internal Revenue agents' collection activity was beyond the normal scope of authority and amounted to tortious conduct, we

find that the claim falls squarely within the exempted group of tort claims arising out of tax collection efforts.

*Id.* at 874.

■ We find that the construction of Section 2680(c) set forth in the above-cited cases is correct. Accordingly, we hold that even if Agent Tracey was not authorized to photograph the Capozzolis' residence in connection with his investigation of plaintiffs' casualty loss claim, and even if taking pictures of the residence was a tortious invasion of plaintiffs' privacy, any claim against the United States arising out of this incident is foreclosed by 28 U.S.C. § 2680(c).

## FINALE

■ In holding that the Capozzolis' claim is one for which the United States has retained its sovereign immunity under 28 U.S.C. § 2680(c), we do not intend to suggest that the government is insulated from tort liability for any and all transgressions committed by IRS employees. Section 2680(c) does not so state. Where an IRS employee commits a tort wholly unrelated to his or her official duties of assessing or collecting taxes, the sovereign immunity retained under 28 U.S.C. § 2680(c) would not apply. Of course, a tort committed under circumstances wholly unrelated to an IRS agent's official duties may also be so far beyond the agent's scope of employment as to preclude vicarious liability on the part of the United States. *See, e. g., Bettis v. United States,* 635 F.2d 1144, 1146–1147 (5th Cir. 1981) (State laws of respondeat superior define the United States' liability under the FTCA for torts of its employees.). However, it is conceivable that an IRS agent could engage in tortious conduct sufficiently removed from the agent's official duties of assessing or collecting taxes as to be beyond the scope of Section 2680(c), and at the same time sufficiently within the scope of his employment as to give rise to an action against the United States. All we hold today is that, on the facts alleged by these plaintiffs, Agent Tracey's activities do not fall within this spectrum of

tortious conduct actionable under the FTCA.

AFFIRMED.