951 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul J. and Linda G. BERRIDGE, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-3163.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1991.
 
 Before BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges, and HILLMAN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Paul and Linda Berridge appeal the dismissal of their action for damages against the United States. The Berridges allege that the Internal Revenue Service ("IRS") deprived them of Fifth Amendment property rights by mailing a notice of tax deficiency.
 
 
 2
 We must decide whether sovereign immunity is a bar to the Berridges's constitutional claim. The Berridges's direct our attention to 28 U.S.C. § 1331 as the source of jurisdiction. This argument is misplaced. Unlike state courts, federal courts enjoy only limited jurisdiction. The federal question statute authorizes jurisdiction over all civil actions for which the government has consented to be sued. A broader construction of section 1331 would eviscerate the doctrine of sovereign immunity.
 
 
 3
 The Federal Tort Claims Act ("FTCA") permits suits against the federal government when its employees commit negligent torts. 28 U.S.C. § 2680. But the FTCA's waiver of sovereign immunity is limited by exceptions listed in 28 U.S.C. § 2680. Section 2680(c) provides that "[a]ny claim arising in respect of the assessment or collection of any tax" is beyond the scope of the FTCA's consent to suit.
 
 
 4
 Courts have interpreted this statutory exception broadly. See Capozzoli v. Tracey, 663 F.2d 654, 658 (5th Cir.1981). The delivery to a taxpayer of a notice of tax deficiency is conduct "in respect of the assessment or collection of any tax." Assuming arguendo that the IRS committed a tortious act against the Berridges, subject matter jurisdiction is barred by 28 U.S.C. § 2680(c).
 
 
 5
 Sovereign immunity is a jurisdictional hurdle the Berridges's have not overcome. FTCA § 2680(c) makes it plain that the government does not consent to be sued in cases involving the tortious issuance of a notice of tax deficiency. We therefore affirm.
 
 
 6
 Upon oral motion made by the government, we find this appeal to be so frivolous that sanctions are warranted. Fed.R.App.P. 38. The government is ordered to present its travel costs to the Clerk of this court. Such costs are hereby assessed against the Berridges.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior District Judge for the Western District of Michigan, sitting by designation