UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50439
No. 96-50779
_____


ELIZABETH GONZALES; EVANGELINA GONZALES; JERRY GONZALES;
JOSEPH GONZALES; DARLENE CORONA; ERNESTO GONZALES, SR.,
Individually and as Representative of the Estate of
Yolanda Gonzales, Deceased; and as Next Friend of
Ernestina Gonzales and Ernesto Gonzales, Jr., Minors,

                                   Plaintiffs-Appellants,

                    versus

UNITED STATES OF AMERICA,

                                   Defendant-Appellee.


_____

Appeal from the United States District Court for the
                Western District of Texas
            (SA-95-CV-746, 96-CV-556)
_____
                 April 8, 1997

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    This case involves whether sovereign immunity bars claims

against the United States government arising out of the allegedly

tortious acts of an Internal Revenue Service agent.  We conclude

that the appellants' claims "aris[e] in respect of the assessment

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

or collection of any tax or customs duty . . ." and are thus excepted by 28 U.S.C. § 2680 from the Federal Tort Claims Act's limited waiver of sovereign immunity. Accordingly, we affirm the judgments of the district court dismissing appellants' complaints.

I.

The Gonzales family moved out of their home in San Antonio, Texas, and into an apartment after the house had been the target of seven drive-by shootings. The house was subject to Internal Revenue Service ("IRS") liens, which were placed on the house in connection with approximately $14,500 in delinquent federal taxes owed by the Gonzaleses. They allege that they moved back into the house because of an IRS agent's threats that unless they did so, the IRS would seize the house. The IRS agent apparently insisted that they move back into the house even after learning why they had moved out. Several weeks after moving back into the house, Yolanda Gonzales suffered a gunshot wound to the head while in the house. She died the next day. Her husband and children seek to assert tort claims against the United States for her death under the Federal Tort Claims Act ("FTCA").

On April 26, 1996, the district court dismissed the plaintiffs' first amended complaint for lack of subject matter jurisdiction on the grounds that (1) an exception to the FTCA's waiver of sovereign immunity, 28 U.S.C. § 2680(c), applies, and (2) the appellants failed to exhaust their administrative remedies

2

before asserting claims against the United States.[1]  On May 29, 1996, the plaintiffs brought a second suit against the United States, asserting claims virtually identical to those in the earlier suit.  On the government's motion, the district court took judicial notice of the earlier suit and dismissed the plaintiffs' complaint on the grounds of res judicata and lack of subject matter jurisdiction.

## II.

If the United States has not waived its sovereign immunity, the district court lacks subject matter jurisdiction to entertain claims against it.  *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994).  The FTCA effects a limited waiver of the United States' sovereign immunity.  *See* 28 U.S.C. § 2674.  The federal district courts have jurisdiction over suits against the United States "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  Congress, however, provided certain exceptions to the FTCA's waiver of sovereign immunity.  Section 2680(c) specifically excepts "any claim arising in respect of the assessment or collection of any tax . . . ."  *Id.* § 2680(c).  The district court relied on this provision in dismissing the Gonzaleses' claims for want of

---

[1]Because we conclude that the case was properly dismissed on the basis of sovereign immunity, we need not address this ground for dismissal of the first suit.

3

jurisdiction.

Appellants argue that the IRS agent's actions in this case do not fall within Section 2680(c)'s tax assessment and collection exception. They rely on *Capozzoli v. Tracey*, in which we recognized that, at least in theory, an agent's tortious conduct might be so tangential to his assessment and collection duties to fall outside Section 2680(c), yet still be conduct for which the United States would be vicariously liable. 663 F.2d 654, 658 (5th Cir. 1981). Appellants' claims do not fall within this limited window. Section 2680(c) prevents claims against the United States based on an agent's actions that are "*even remotely related* to his or her official duties." *Id.* at 658 (emphasis added). The agent's actions in this case, however ill-fated, were related to his efforts to collect back taxes owed by the Gonzaleses.[2] No more is required under Section 2680(c).[3] *See Capozzoli*, 663 F.2d at 658.

We are not insensitive to the tragedy faced by the Gonzales family. However, because the agent's actions were related to tax assessment and collection efforts, the United States retained sovereign immunity as to those claims under 28 U.S.C. § 2680(c), and the district court properly dismissed the appellants' complaints. Accordingly, we AFFIRM the judgments of the district court.

---

[2]For example, the agent expressed concern that the IRS's collateral would deteriorate if left unoccupied.

[3]We have considered the appellants' remaining arguments and find them to be without merit as well.

4