Revised March 8, 2001

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 00-50039**

**RAMON J. JEANMARIE, Individually and**
**as Parent and Next Friend of T. A. Jeanmarie**
**and R. J. Jeanmarie II, Minors; SHEILA A. JEANMARIE,**

**Plaintiffs-Appellants,**

**VERSUS**

**UNITED STATES OF AMERICA,**

**Defendant-Appellee.**

Appeal from the United States District Court
for the Western District of Texas

February 15, 2001

Before POLITZ, DeMOSS, and STEWART, Circuit Judges.

DeMOSS, Circuit Judge:

Ramon and Sheila Jeanmarie ("the Jeanmaries") appeal from an order entered by the district court dismissing their first amended complaint, which they had filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, against the United States. Their complaint sought recovery for alleged abuses of Mr. Jeanmarie ("Jeanmarie") by U.S. Customs agents incident to

a search of the Jeanmaries' vehicle.  For the following reasons, we affirm the district court's order of dismissal.

**BACKGROUND**

The facts, as alleged by the Jeanmaries, are as follows.  On or about June 20, 1996, Jeanmarie returned from a brief trip into Mexico and re-entered the United States via one of the ports of entry in El Paso, Texas.  Jeanmarie and the vehicle in which he was traveling were detained for inspection by the United States Customs Service.  During the course of the inspection, Jeanmarie was asked to open the trunk of his vehicle, but because he apparently only had a valet key with him, he was unable to access the trunk himself.  He authorized the Customs agents to forcibly open the trunk of his car.

Also during the course of the inspection, Jeanmarie twice requested permission to use the restroom, citing an urgent and special need to do so caused by a recent surgical procedure that affected his kidneys and bladder.  The Customs agents temporarily denied his requests while the inspection continued.  Nonetheless, and contrary to instructions, Jeanmarie proceeded to leave the designated area in search of the restroom.  Jeanmarie was confronted by another Customs agent and alleges that the agent forcibly restrained him and shoved him against a counter causing numerous injuries.  Specifically, Jeanmarie alleges that the Customs agents grabbed him and "jerked his arms behind his back,

2

and forced [his] abdomen into a counter." Jeanmarie also alleges that one of the officers struck him about the face and neck.

In their original complaint, the Jeanmaries alleged that the United States was responsible for the actions of its employees and that it was responsible for negligently training and supervising its employees. Jeanmarie sought money damages, and his wife and children sought damages for loss of consortium and support.

The United States filed a motion to dismiss the complaint arguing that despite the general waiver of sovereign immunity found in the FTCA, the United States was nonetheless entitled to immunity by virtue of two applicable exceptions to the FTCA's waiver of immunity. The government contended that the discretionary function and the customs-duty exceptions entitled it to immunity. The Jeanmaries sought and were granted leave to amend their complaint to include claims of assault and battery, false arrest, and false imprisonment, and the government filed a second motion to dismiss. After the Jeanmaries responded to the motions to dismiss, the district court granted those motions and dismissed the complaint.

In its order of dismissal, the district court determined that the customs-duty exception to the FTCA, 28 U.S.C. § 2680(c), barred "any claim arising out of . . . the detention of goods," and that based upon the Supreme Court's decision in *Kosak v. United States*, 104 S. Ct. 1519, 1524-25 (1984), the customs-duty exception also included claims for injuries "associated in any way with the

3

detention of goods." The district court concluded that the Jeanmaries' claims of assault and battery and of false arrest and imprisonment were barred by the application of a decision from the Western District of Texas holding that the customs-duty exception barred claims for emotional distress and excessive force arising from a customs inspection. *See Rivera v. United States*, 907 F. Supp. 1027, 1030 (W.D. Tex. 1995), *aff'd*, No. 96-50117 (5th Cir. November 14, 1996)(per curiam)(unpublished). The district court also concluded that the Jeanmaries' claims of negligent supervision and training were barred by the discretionary function exception, 28 U.S.C. § 2680(a), as they involved elements of judgment and discretion and public policy.

The Jeanmaries filed numerous motions for reconsideration of the district court's order of dismissal, all of which were denied, and they have now timely appealed.

## DISCUSSION

Generally, the United States enjoys sovereign immunity from suit unless it has specifically waived immunity. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The FTCA provides for a waiver of the United States' immunity from suit for those claims regarding "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the

4

scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1). Of course, the FTCA contains numerous exceptions to the general waiver of immunity, among them the customs-duty exception found in § 2680(c), and the discretionary function exception found in § 2680(a), upon both of which the district court based its dismissal of the Jeanmaries' claims.

We review a district court's grant of a motion to dismiss based on exceptions to the FTCA de novo. *See* **Leleux v. United States**, 178 F.3d 750, 754 (5th Cir. 1999). A district court's dismissal based on these exceptions will be affirmed if it appears certain that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *See* **id.** In our review, we accept all of the nonmovant's well-pleaded factual allegations as true, but we may not rely upon conclusional allegations or legal conclusions that are disguised as factual allegations. *See* **Blackburn v. City of Marshall**, 42 F.3d 925, 931 (5th Cir. 1995).

We pause here to note at the outset that the Jeanmaries have not argued on appeal that the district court erred in dismissing their claims of negligent training and supervision based upon the discretionary function exception to the FTCA's waiver of sovereign immunity. Accordingly, we deem these matters waived. *See* **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993) (even parties proceeding *pro se* must brief an issue in order to preserve it for

5

appeal).

With respect to the Jeanmaries' claims of assault and battery, and of false arrest and imprisonment, they claim that the district court's dismissal under § 2680(c), the customs-duty exception, was erroneous. Section 2680(c) specifically provides that the FTCA's waiver of immunity does not apply to:

> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer . . . .

28 U.S.C. § 2680(c).

According to the Jeanmaries, § 2680(h) provides an "exception to the [§ 2680(c)] exception" to the FTCA's waiver of immunity which the district court ignored. They note that § 2680 was amended and subsection (h) was enacted to allow for the waiver of sovereign immunity in order to provide a remedy against the United States for those intentional torts committed by federal law enforcement officials. *See* S. Rep. No. 93-588 (1974), *reprinted in* 1974 U.S.C.C.A.N. 2789, 2791. Specifically, § 2680(h) provides that the FTCA's waiver of immunity does not apply to:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title [i.e., the waiver of immunity] shall apply to

6

> any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h). The Jeanmaries rely on the portion of § 2680(h) which specifically provides that the waiver of immunity applies to their claims of assault and battery and of false arrest and imprisonment against federal law enforcement officers.

The district court, in dismissing the Jeanmaries' claims, relied upon the decision of one of its sister courts within the Western District of Texas. The district court noted that in *Rivera v. United States*, 907 F. Supp. 1027, 1030 (W.D. Tex. 1995), *aff'd*, No. 96-50117 (5th Cir. November 14, 1996)(per curiam)(unpublished), its sister court concluded that notwithstanding § 2680(h), the customs-duty exception barred intentional tort claims for emotional distress and excessive force arising from a customs inspection. In *Rivera*, the plaintiffs filed an FTCA claim against Customs agents who restrained Mrs. Rivera with a "wrist/arm lock" during the inspection of her vehicle at a port of entry, and the district court concluded that the actions complained of occurred during the performance of the Customs agent's official duties and were thus covered by the customs-duty exception in § 2680(c). In affirming the district court, we noted in our unpublished opinion that:

7

> The temporary seizure of Mrs. Rivera was carried out in the course and as part of the lawful detention and search by U.S. Customs officials during a customs inspection of a vehicle at a border entry point. Claims against the government for [the officer's] actions, therefore, fall squarely within one of the enumerated exceptions to the government's waiver of sovereign immunity, specifically, the "customs exception" to the Federal Tort Claims Act. 28 U.S.C. § 2680(c).

*Rivera v. United States*, No. 96-50117 at 2 (5th Cir. November 14, 1996)(per curiam) (unpublished).

The *Rivera* district court did note additionally that a claim of an intentional tort related to a customs *arrest* may not be covered by § 2680(c), as that section deals only with the detention of goods, not persons. *See Rivera*, 907 F. Supp. at 1030 (citing *Gasho v. United States*, 39 F.3d 1420 (9th Cir. 1994)). The *Rivera* district court reasoned that an intentional-tort claim involving the infliction of emotional distress during an arrest *following* a search by a Customs agent did not fall within § 2680(c) because such a tort was incident, not to a detention of goods, but to the detention of a person after the search for and detention of goods was completed. *See Rivera*, 907 F. Supp. at 1030.

However, the district court also noted that in *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981), a case wherein an IRS agent entered the plaintiff's property without notice and took pictures of the home while the plaintiff was in nightclothes and was embarrassed, we held that the customs-duty exception's phrase

8

"in respect of the assessment or collection of any tax" is broad enough to encompass the activities of a Customs agent which are even "remotely related to his or her official duties." In *Capozzoli*, we noted that in enacting § 2680(c), Congress intended to insulate IRS and Customs agents from tort liability stemming from any of their revenue-raising activities. *Capozzoli*, 663 F.2d at 657.

Relying on both *Rivera* and our holding in *Capozzoli*, the district court in this case concluded that § 2680(c)'s exception has been broadly construed and that the actions complained of by the Jeanmaries, like those in *Rivera*, occurred during the performance of a Customs agent's official duties and arose out of the detention of goods. Since the Jeanmaries' claims for assault and battery and for false arrest and imprisonment arose out of and were associated in some way with the detention of goods, the district court concluded that those claims were barred by § 2680(c), the customs-duty exception.

The Jeanmaries contend that *Rivera* is not applicable because in that case, the plaintiff resisted and refused to obey repeated requests to step away from her car, and in this case, Jeanmarie complied immediately with the agents' requests. The record belies this assertion in that Jeanmarie concedes that he specifically disregarded the agents' directive that he not remove himself from the scene by walking away to find a restroom. Alternatively, the

9

Jeanmaries rely on the language in § 2680(h) stating that the FTCA's waiver of immunity applies to claims of assault, battery, and false arrest and imprisonment. Again, we disagree with the Jeanmaries and instead agree with the reasoning of the Ninth Circuit in *Gasho* that, notwithstanding the fact that intentional tort claims arising out of arrests are not barred by § 2680(c), and are in fact permitted by § 2680(h), such claims *are barred* by the customs-duty exception if the alleged torts arose from the inspection, seizure, or detention of goods by a Customs agent because such claims involve conduct covered by § 2680(c). *See Gasho*, 39 F.3d at 1433-34; *see also Capozzoli*, 663 F.2d at 658 (actions even remotely related to a Customs agent's official duties are covered by the exception in § 2680(c)).

Statutes waiving sovereign immunity of the United States are to be "construed strictly in favor of the sovereign." *McMahon v. United States*, 72 S. Ct. 17, 19 (1951). We agree with the Ninth Circuit that "[w]hen strictly construed in light of § 2680(c), the waiver of immunity in § 2680(h) applies only to tortious conduct not involving the seizure and detention of goods by Customs." *Gasho*, 39 F.3d at 1433-34. Therefore, we decline to apply § 2680(h) to override § 2680(c)'s exception to the FTCA's general waiver of sovereign immunity in situations where, as here, the alleged intentional tort is committed incident to the performance of an agent's duties under § 2680(c). In this case, we are

10

convinced that the actions complained of by the Jeanmaries were related to the Customs agents' official duties in inspecting and detaining goods and that § 2680(c) is broad enough to cover those actions.

The Jeanmaries have asserted several additional bases for relief from the district court's order, including, among other things, a contention that the doctrine of sovereign immunity is unconstitutional because it prohibits them from seeking redress under the First Amendment for the Customs agents' use of excessive force and an assertion for the first time on appeal that they have asserted a legitimate claim for relief under ***Bivens v. Six Unknown Fed. Narcotics Agents***, 91 S. Ct. 1999 (1971).  We decline to discuss the Jeanmaries' additional arguments as we find each devoid of merit.

## CONCLUSION

Having carefully reviewed the record of this case and the parties' respective briefing on the issues in this appeal, and for the reasons set forth above, we conclude that the Jeanmaries' various claims are barred by the discretionary function and customs-duty exceptions to the FTCA, and we AFFIRM the district court's order of dismissal.

**AFFIRMED.**

11