Kirk SCRITCHFIELD and Melissa
Scritchfield, Plaintiffs,

v.

MUTUAL OF OMAHA INSURANCE
COMPANY, Omaha Property and Ca-
sualty Insurance Company, Defen-
dants.

Civil Action No. 1:04–CV–116.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 25, 2004.

John Stephen Morgan, Lindsay & Morgan, PLLC, Beaumont, TX, for Plaintiffs.

Keith B. Letourneau, Bell Ryniker Letourneau & Nork, Houston, TX, for Defendants.

## *MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS*

CLARK, District Judge.

## I. BACKGROUND

Plaintiffs Kirk and Melissa Scritchfield are owners of a Standard Flood Insurance Policy ("SFIP") issued by Defendants Mutual of Omaha Insurance Co. and Omaha Property and Casualty Insurance Co pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq* ("NFIA"). Their house was flooded on two separate occasions and Defendants paid an amount Plaintiffs claim to be inadequate. Plaintiffs filed a petition in state court claiming breach of contract under 42 U.S.C. § 4072 (2000), and asserting various state law claims. Defendants removed to this court. Plaintiffs then filed an amended complaint, striking all state law claims, and raising new claims under federal common law. Defendants moved under Fed.R.Civ.P. 12(b)(6) to dismiss all of Plaintiffs' claims, except the breach of contract claim under 42 U.S.C. § 4072.

Neither the NFIA, nor any other federal law, provides a basis for Plaintiffs' causes of action, other than their breach of contract claim. Therefore, Plaintiffs' claims of federal common law negligence, and for consequential damages, and their request for declaratory relief are dismissed. Plaintiffs consent to the dismissal of their claim for attorney's fees.

## II. ISSUE PRESENTED

Plaintiffs' breach of contract claim arises under 42 U.S.C. § 4072. Defendants do not seek to dismiss this claim, so it will proceed. Plaintiffs have consented to the dismissal of the attorney's fees claim [Doc. # 21]. The sole issue before the court is whether Plaintiffs' additional claims of negligence, and for consequential damages, and their request for declaratory relief are cognizable under federal common law. This raises the novel question of whether the phrase "federal common law," as used in the SFIP, permits the court to judicially create causes of action and damage remedies.

## III. STANDARD OF REVIEW

Granting a motion to dismiss under Rule 12(b)(6) is proper when a party has "failed to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A court should dismiss a claim under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). All well-pleaded factual allegations are construed in the light most favorable to the Plaintiff. *Herrmann Holdings Ltd. v. Lucent Technologies, Inc.,* 302 F.3d 552, 558 (5th Cir.2002). However, the court "[m]ay not rely on conclusional allegations or legal conclusions disguised as factual allegations." *Jeanmarie v. United States,* 242 F.3d 600, 602–03 (5th Cir.2001).

## IV. ANALYSIS

Plaintiffs' SFIP was underwritten by the United States Treasury. The SFIP is set out in 44 C.F.R. Pt. 61, App. A(1) (2003) and is governed by Federal Emergency Management Agency ("FEMA") regulations, the National Flood Insurance Act of 1968, as amended 42 U.S.C. § 4001, *et seq.* ("NFIA") and federal common law. 44 C.F.R. Pt. 61, App. A(1), Art. IX (2003). The NFIA was proposed to Congress in 1967, but was not officially passed until 1968. The twin objectives of the proposed National Flood Insurance Program

("NFIP"), as discussed in the 1967 House Report were the following: "(1) to help victims of flood damage to restore their homes and businesses, and (2) to minimize the future risk of flood losses in locations and situations where the risk of loss exceeds the prospect of gain from use of the site." H.R.Rep. No. 90–786, at 10 (1967). In enacting the NFIA, Congress was concerned with the enormous amount of flood relief being provided to disaster prone regions without insurance. *See Till v. Unifirst Fed. Sav. & Loan Ass'n,* 653 F.2d 152, 156–57 (5th Cir.1981); 42 U.S.C. § 4001(a) (2000).

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision ... mandates the application of federal law.

*West v. Harris,* 573 F.2d 873, 881 (5th Cir.1978); *see Jamal v. Travelers Lloyds of Texas Ins. Co.,* 97 F.Supp.2d 800, 804 (S.D.Tex.2000) (noting that it is well-settled that disputes arising under the NFIA are governed by federal law). The court in *Jamal* cited to an affidavit from the Texas Department of Insurance, which in relevant part stated: "[p]rovisions of the Texas Insurance Code do not apply to an insurer issuing a SFIP." *Jamal,* 97 F.Supp.2d at 805.

■ The Defendants are Write–Your–Own ("WYO") carriers participating in the NFIP as fiscal agents for the United States. 42 U.S.C. § 4071(a) (2000). All terms of the SFIP are fixed by FEMA and cannot be waived or amended without express written consent. 44 C.F.R. §§ 61.13(d), 61.14(b) (2003). All premiums collected by WYO carriers are deposited in the National Flood Insurance Fund. 42 U.S.C. § 4017(d) (2000). All claims are thus paid by the United States Treasury. 44 C.F.R. Pt. 62, App. A, Art. III(D)(1) (2003); *see Gowland v. Aetna,* 143 F.3d 951, 955 (5th Cir.1998). A suit against a WYO is a suit against FEMA. *Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161, 166–67 (3d Cir.1998).

The parties agree that policy holders can bring a breach of contract suit under 42 U.S.C. § 4072, if they are dissatisfied with the amount offered in the settlement of a flood damage claim. But § 4072 does not provide for consequential damages, negligence claims, or for declaratory judgment actions. Defendants assert numerous well-reasoned arguments for the court to dismiss these claims brought under federal common law. Plaintiffs' response states that because Defendants point to no case dealing with federal common law claims under a SFIP, the court should not dismiss them. It is true that neither Defendants, nor Plaintiffs cite a case directly on point, but that alone is not reason to either grant or deny a motion to dismiss.

The court must decide whether to create new federal common law causes of action under the SFIP. In deciding this issue, the court first looks at the intent of the NFIA and the brief legislative history behind it, to determine whether an implied private cause of action exists under the NFIA. Second, the court will examine the SFIP and preemption. Third, the court will analyze issues such as sovereign immunity and the Appropriations Clause. Finally, the court will revisit the age-old text of *Erie,* and the proposition that "[t]here is no federal general common law." *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 823, 82 L.Ed. 1188 (1938).

### 1. Implied Private Cause of Action

By pleading claims that do not arise under a specific federal statute, Plaintiffs are asking the court to imply a private

cause of action under the NFIA. Plaintiffs must be able to meet the stringent burden imposed by *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). The relevant factors are: (1) whether the plaintiff is one of a class for whose "especial benefit" the statute was enacted; (2) is there any indication of legislative intent to either create or deny such remedy; (3) is it consistent with the underlying legislative purpose to imply such a remedy for plaintiff; and (4) whether the cause of action is one traditionally relegated to state law, so that it would be inappropriate to infer a cause of action based solely on federal law. *Cort,* 422 U.S. at 78, 95 S.Ct. at 2088.

■ The first prong of *Cort* requires the court to determine whether Plaintiffs are "especial beneficiaries" of the NFIA. This issue was considered under different facts in *Till v. Unifirst Fed. Sav. & Loan Ass'n,* 653 F.2d 152 (5th Cir.1981). In *Till,* the Court was faced with the novel question of whether to create an implied cause of action pursuant to 42 U.S.C. §§ 4012a(b), 4104a (2000). *Till,* 653 F.2d at 157. The statutes require lenders to notify parties if their property is in a flood hazard area, and to require parties to purchase flood insurance. *Id.* at 155. The Court held there was no implied private cause of action because the parties were not "especial beneficiaries" of the NFIA, nor primary beneficiaries of the NFIA, because the legislative intent behind the statute was clearly to reduce the "massive burden on the federal fisc of the ever-increasing federal flood disaster assistance." *Id.* at 159; *see* H.R.Rep. No. 90–1585 (1968), reprinted in 1968 U.S.C.C.A.N. 2873, 2966–67. Plaintiffs in this case are not "especial beneficiaries" of the NFIA. Of course, Plaintiffs, like everyone who decides to live in flood-prone areas, may benefit from the NFIA, but that does not raise Plaintiffs to the level of "especial beneficiaries."

■ Under the second prong of *Cort,* the court reviews the legislative history to decide whether an implied cause of action is either explicitly, or implicitly, within the statute. *Cort,* 422 U.S. at 78, 95 S.Ct. at 2088. Where a statute does not expressly create or deny a private cause of action, the court is extremely cautious in inferring one. *See Touche Ross & Co. v. Redington,* 442 U.S. 560, 571, 99 S.Ct. 2479, 2486 (1979).

The NFIA does permit policyholders to sue for breach of contract if they are dissatisfied with the amount of claim payments. 42 U.S.C. § 4072. The Act also provides for administrative review when FEMA makes a federal flood hazard designation. 42 U.S.C. § 4104 (2000). But here, as in *Touche Ross,* there is nothing in the legislative history suggesting a statutory cause of action for negligence, or declaratory judgment. Nor does the NFIA provide a consequential damage remedy. The Court in *Touche Ross* explained that "when Congress wished to provide a private damages remedy, it knew how to do so. . . ." *Touche Ross & Co.,* 442 U.S. at 572, 99 S.Ct. at 2487.

Plaintiffs are unable to cite authority suggesting that an additional cause of action, or damage remedy, should be implied under the NFIA. Plaintiffs only possible theory is that the adjusters were negligent, but that is not enough. Adjusters are provided as a courtesy only, and the burden is still on the insured to submit claims. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J) 7–8 (2003). After reviewing the relevant statutory language and legislative history, the court finds that Plaintiffs are not "especial beneficiaries" of the statute, nor is there an intent to create or deny the remedies sought by Plaintiffs. If the answers to the first two *Cort* factors are negative, analyses of the next two are irrelevant. *Till,* 653 F.2d at 161. There-

fore, the court is unable to find implied private causes of action under the NFIA.[1]

## 2. Preemption

Effective December 31, 2000, FEMA revised 44 C.F.R. Pt. 61, App. A(1), Art. VII(R) (2003) to clarify the SFIP language, which states:

[y]ou must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to *any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.*

65 Fed.Reg. 60758, 60776 (2000) (emphasis added). Plaintiffs implicitly acknowledge this because their claims have changed from state law based claims in their Complaint [Doc. # 1], to federal common law claims in their First Amended Complaint [Doc. # 10].

██ Whether the SFIP now expressly preempts all other types of claims (including federal common law claims) is undecided. But even before FEMA revised its policy language, it had been held that conflict preemption barred state insurance law governing suits under the SFIP. *See Peal v. North Carolina Farm Bureau Mut. Ins. Co.*, 212 F.Supp.2d 508, 513–17 (E.D.N.C. 2002). The Court held that subjecting FEMA to fifty different bodies of law was not the intent of Congress when it enacted the NFIA. *Peal*, 212 F.Supp.2d at 516; *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 949 (6th Cir.2002). If the SFIP did not preempt state law claims, compliance with both federal and state law would be impossible. *See Jamal*, 129 F.Supp.2d 1024 (S.D.Tex.2001) (finding violations of

Texas law, breach of duty of good faith and fair dealing preempted by NFIA).

An extracontractual state law claim of misrepresentation in the procurement of the policy was allowed to go forward in *Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 (5th Cir.1993). The case in *Spence* was decided before the FEMA revisions. This present case is distinguished, because in *Spence*, the revised language was not in the policy, and here it is. It seems clear that FEMA, in revising the policy language intended to limit the scope of recovery under the SFIP. In so doing, FEMA effectively preempted all state law claims.

It is likely that *Spence* would be decided differently today. *See Richmond Printing LLC v. FEMA*, 72 Fed.Appx. 92, 95, 2003 WL 21697457 *2 (5th Cir.2003) (unpublished). While *Richmond Printing* is not binding precedent, the court finds it persuasive in the analysis of the NFIA preemption. The Court in *Richmond Printing* held that state law misrepresentation claims were not preempted, but limited its holding to the facts of the case, because it was filed before the FEMA revisions took effect. *Richmond Printing LLC*, 72 Fed. Appx. at 95, 2003 WL 21697457 *2. Considering this holding of *Richmond Printing* and the intent of the NFIA, a conflict would arise if courts across the country applied different standards of law to claims under the SFIP.

The above preemption analysis, while not directly related to Plaintiffs claims (i.e., Plaintiff does not raise state law claims, so there is no direct preemption issue) is relevant to whether other claims are cognizable under the NFIA. A compa-

---

1. To the extent necessary the court finds that allowing suits for remedies beyond the claim amount would be inconsistent with the legislative purpose. Congress passed the Act to allow persons living in flood prone areas to

obtain coverage for their property. There is no hint that Congress intended to open the Treasury to a host of claims, based on common law to be developed by the courts.

rable statute is the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001(b) (2000). Courts have recognized that numerous state laws are preempted by ERISA, and the key to analysis in deciding the ERISA preemption question is congressional intent. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). The Supreme Court in *Pilot Life* explained that the ERISA preemption provisions are expansive, so that regulations of pension plan provisions are "[e]xclusively a federal concern." *Id.*

Relabeling state law claims as federal common law claims in order to avoid ERISA's pre-emptive effect is not allowed. *Aetna Healthcare, Inc. v. Davila,* —— U.S. ——, 124 S.Ct. 2488, 2491, 159 L.Ed.2d 312 (2004). That is exactly what the Scritchfields are doing in this case. They have not asserted any recognized federal common law theory, but have merely repackaged their state law claims which they have already dismissed.

### 3. Sovereign Immunity and the Appropriations Clause

■ The government must authorize expenditures made by the Federal Treasury. U.S. Const. Art. I, § 9 cl. 7; *Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387 (1990). Payments made under FEMA-issued flood insurance policies are a "direct charge on the public treasury." *In re Estate of Lee,* 812 F.2d 253, 256 (5th Cir. 1987) (recognizing the change in the NFIP from part A to part B). In addition, parties filing suit against WYO carriers under a SFIP are barred from bringing theories which require payment from the Federal Treasury without authorization. *Gowland,* 143 F.3d at 955; *see also Newton v. Capi-*

*tal Assur. Co., Inc.,* 245 F.3d 1306, 1307 (11th Cir.2001) (holding that principles of sovereign immunity bar the court from charging prejudgment interest against a WYO). In discussing the Appropriations Clause, the Court in *Gowland* held it was powerless to encroach upon the appropriation power given to Congress by the Constitution. *Gowland,* 143 F.3d at 955.

■ Even if the court were to allow Plaintiffs' claims against the WYO carrier, the money paid would be from the Federal Treasury. Neither Plaintiffs nor the court are able to find a statute authorizing claims for negligence or consequential damages, or for declaratory relief under the NFIA. While this interpretation might seem harsh, the court must respect congressional intent as to when to charge the public treasury. *Fed. Crop. Ins. Corp. v. Merrill,* 332 U.S. 380, 385, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947).

### 4. The Erie Doctrine

■ In 1938 the Supreme Court decided *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 823, 82 L.Ed. 1188 (1938) and declared there is no "federal general common law." The term federal law as used in the SFIP is interpreted to mean that suits are resolved under federal law, "by drawing upon standard insurance principles." *Hanover Bldg. Materials, Inc. v. Guiffrida,* 748 F.2d 1011, 1013 (5th Cir.1984). These principles govern construction and interpretation of insurance contracts. *Id.*[2] In considering coverage questions, Congress did not intend to abrogate standard insurance law principles. *See Leland v. Fed. Ins. Adm'r,* 934 F.2d 524, 529–30 (4th Cir.1991); *see also Jamal,* 97 F.Supp.2d at 804.

---

**2.** Defendants raise a compelling point in their brief. They argue that the phrase was added to the SFIP 22 years ago, and courts have not

interpreted it to mean anything other than applying standard insurance principles when construing a SFIP.

These principles may be applied to resolve contract disputes. However, there is no indication that Congress intended the creation of new federal common law in the administration of the flood insurance program. When Congress decides to allow negligence causes of action, or consequential damages under the NFIA, it will amend the statute. Until that time, the court is unwilling to cross the path of *Erie* and judicially create causes of action under the NFIA.

### 5. Declaratory Relief

Plaintiffs ask the court to declare the flood events at issue are covered events under the policy. The NFIA does not provide for declaratory relief, and the court finds there is no ripe case or controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201 (2000) for the flood events at issue.

Defendants admit there was a flood insurance policy issued for the home in Vidor, Texas and it is uncontested that there were two flood events. Defendants have already tendered payment. There is no actual controversy between the parties regarding whether the flood events are covered under the policy. *See Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 959–60, 22 L.Ed.2d 113 (1969) (stating there is no precise test for determining an actual controversy, but the question is whether an actual controversy exists under the facts alleged).

In this case Defendants acknowledge the policy and the breach of contract claim under 42 U.S.C. § 4072, but obviously dispute its merits. Even though there is a dispute about the rights and obligations of the parties under the contract, that does not automatically ripen into an affirmative remedy under the Declaratory Judgment Act, especially if other adequate remedies already exist. 10B Charles A. Wright Arthur R. Miller & Mary Kay Kane, Fed.

Prac. & Proc. §§ 2751, 2758 (3d ed.1998). Plaintiffs would get nothing from a declaratory judgement that they would not get from prevailing on their breach of contract claims. There is no claim that there is a need to interpret the contract language because of possible future events. Since no actual relief can be granted, and no real controversy exists, the request for declaratory judgment is dismissed.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiffs' claims of negligence, and consequential damages, and claim for declaratory relief, and attorney's fees [**Doc. # 14**] is **GRANTED.** Plaintiffs sole remaining claim is for a breach of contract under 42 U.S.C. § 4072, which will proceed to trial.

**SO ORDERED**