United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41210
Summary Calendar

MICHAEL HENRY SMITH,

Plaintiff-Appellant,

versus

UNITED STATES BUREAU OF PRISONS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(1:00-CV-491-MAC-ESH)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Michael Henry Smith, federal prisoner #
04325-003, appeals the dismissal of his Federal Tort Claims Act
(FTCA) complaint. The district court dismissed Smith's complaint
for lack of subject-matter jurisdiction after determining that the
Bureau of Prisons' (BOP) staff members involved in the actions
Smith challenged in his administrative grievances were sufficiently
related to their official duties to entitle the United States to
immunity under the FTCA.

Smith complains that the district court (1) failed to conduct
a de novo review of the magistrate judge's second report and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recommendation; (2) erroneously changed its factfindings by adopting that second report after having accepted the magistrate judge's first report and recommendation; and (3) erred in concluding that the complained-of acts of the BOP staff members were sufficiently related to their official duties to afford the United States immunity under to the FTCA's waiver exception contained in 28 U.S.C. § 2860(c). We disagree that the district court failed to conduct a de novo review or to change any factfindings that were relevant to the dismissal for lack of subject-matter jurisdiction. Smith's first two contentions are therefore without merit.

We further conclude that the acts of the BOP staff members in connection with the shipping of prisoners' personal property and the receipt and forwarding of prisoners' packages were at least remotely related to their official duties: That is sufficient for purposes of immunity. See Capozzoli v. Tracey, 663 F.2d 654, 658 (5th Cir. 1981). The district court did not err by dismissing Smith's complaint for lack of subject-matter jurisdiction. See Jeanmarie v. United States, 242 F.3d 600, 602 (5th Cir. 2001).

AFFIRMED.