# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 29, 2011

No. 11-40016
Summary Calendar

Lyle W. Cayce
Clerk

GREGORY C. KRUG,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; ERIC H. HOLDER, JR., U. S. ATTORNEY
GENERAL; HARLEY G. LAPPIN, Director of the Federal Bureau of Prisons;
JOHN M. BALES, U.S. Attorney, Eastern District of Texas,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-197

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gregory C. Krug appeals the dismissal of his suit under the Federal Tort
Claims Act (FTCA) for lack of jurisdiction. He argues that his suit was not
barred by the exception to the FTCA's waiver of sovereign immunity in 28 U.S.C.
§ 2680(c) for any claim arising from the detention of goods by a law enforcement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

officer because he alleges that a Bureau of Prisons (BOP) employee stole his property.

We review the district court's dismissal of an action based on exceptions to the FTCA de novo, accepting all of the plaintiff's well-pleaded factual allegations as true. *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001). To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

Possession of his property by a BOP employee, even if unauthorized, tortious, or wrongful, constitutes a detention within the meaning of § 2680(c) and is remotely related to a BOP employee's duties in inspecting and inventorying prisoner property. *See Chapa v. U.S. Dep't of Justice*, 339 F.3d 388, 391 (5th Cir. 2003); *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. Dec. 1981). Krug has failed to demonstrate that the district court erred in dismissing his suit for lack of jurisdiction as barred by § 2680(c).

The district court's judgment is AFFIRMED.