# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 15-51012
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2017

Lyle W. Cayce
Clerk

CARLOS GONZALEZ,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-263

_____

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carlos Gonzalez, federal prisoner # 82609-179, appeals the dismissal for lack of subject-matter jurisdiction of his claims against the United States under the Federal Tort Claims Act (FTCA). Gonzalez argues that his personal property was mishandled, lost, or destroyed during a prison transfer as a result of negligence by the Government. He asserts that his goods were not detained and that the district court erroneously concluded that it lacked subject-matter

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51012

jurisdiction over the claim. Gonzalez also argues that the district court erred in dismissing his claims of abuse of process. He contends that the Government ignored its policies and procedures and obstructed the grievance procedures by delaying and destroying his mail. Finally, Gonzalez asserts that the prison commissary violates federal racketeering and antitrust laws. He contends that the prison commissary is a monopoly and a racket within the meaning of federal criminal statutes.

We review the district court's dismissal of an action based on exceptions to the FTCA de novo, accepting all of the plaintiff's well-pleaded factual allegations as true. *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001). The United States is immune from suit unless it has specifically waived immunity. *Jeanmarie*, 242 F.3d at 602. The FTCA waives the sovereign immunity of the United States for "claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008).

However, this waiver of immunity does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). Additionally, claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" are excluded from the waiver of sovereign immunity. 28 U.S.C. § 2680(b). Gonzalez's claims regarding the loss of his property and tampering with his mail were properly dismissed for lack of subject-matter jurisdiction because the claims were barred by sovereign immunity. *See* § 2680(b), (c); *See Ali*, 552 U.S. at 218-28; *Chapa v. U.S. Dep't of Justice*, 339 F.3d 388, 390 (5th Cir. 2003).

No. 15-51012

Gonzalez failed to administratively exhaust his abuse of process claims. Thus, the district court properly dismissed these claims for lack of jurisdiction. *See* 28 U.S.C. § 2675(a); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

Additionally, the Government's waiver of sovereign immunity does not extend to racketeering laws. *McNeily v. United States*, 6 F.3d 343, 350 (5th Cir. 1993). Likewise, the Government is "not controlled by the antitrust laws" and cannot be a defendant in an antitrust action. *U.S. Postal Service v. Flamingo Industries Ltd.*, 540 U.S. 736, 744-48 (2004).

Accordingly, the judgment of the district court is AFFIRMED. Gonzalez's motion for the appointment of counsel is DENIED. All other outstanding motions are DENIED.